**David RAMOS, Petitioner,**

v.

**Hans G. WALKER, Superintendent, Auburn Correctional Facility, Respondent.**

**No. 99 CIV. 5088 LAK.**

United States District Court, S.D. New York.

March 13, 2000.

David Ramos, for Petitioner Pro Se.

Morrie I. Kleinbart, Assistant District Attorney, Robert M. Morgenthau, District Attorney New York County, New York City, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that the state trial court (1) erred in granting the prosecutor's application for a missing witness charge, (2) deprived petitioner of a fair trial when it allowed the prosecutor to argue that petitioner coerced testimony at trial, and (3) committed evidentiary errors by admitting a handgun recovered from the scene of the crime and refusing to allow the defense to introduce a firearms discharge assault report, as well as disallowing various testimony regarding discharge of the firearm and allowing prosecution testimony regarding racial slurs. Respondent moves to dismiss the petition as untimely.

### Facts

Petitioner was convicted after a jury trial of two counts of attempted murder in the first degree and criminal possession of a weapon in the second and third degrees. He was sentenced to two consecutive terms of 15 years to life for each attempted murder conviction, to run concurrently with concurrent terms of 5 to 15 years and 2⅓ to 7 years, respectively, for the weapons convictions. Petitioner appealed the convictions on the same grounds listed in this habeas petition, and the judgment was affirmed unanimously by the Appellate Division on June 21, 1994.[1] The Court of Appeals denied leave to appeal on August 31, 1994.[2] Petitioner subsequently filed two C.P.L. § 440.10 motions to vacate the judgment. The first was filed on January 3, 1997. Leave to appeal to the Appellate Division was denied on August 28, 1997. Petitioner then sought leave to appeal to the Court of Appeals,[3] but that application was dismissed on October 10, 1997.[4] The second was filed on January 8, 1998 and denied on August 10, 1998. Leave to appeal from that order to the Appellate Division was denied on December 10, 1998. The petition alleges that the denial of the second motion was not taken to the New York Court of Appeals.

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides in relevant part that:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

"(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

"(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

"(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or

"(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1. *People v. Ramos*, 205 A.D.2d 404, 613 N.Y.S.2d 879 (1st Dept.1994).

2. *Id.*, 84 N.Y.2d 831, 617 N.Y.S.2d 151 (1994).

3. An order denying a Section 440.10 is appealable to the intermediate appellate court by leave of a judge thereof granted under Section 460.15. N.Y CRIM. PROC. L. § 450.15 (West 1999). There is no provision in New York law for an appeal to the Court of Appeals from an order denying leave to appeal from an order denying a Section 440.10 motion. *People v. Grossmann*, 87 N.Y.2d 1003, 642 N.Y.S.2d 856, 665 N.E.2d 657 (1996); *People v. Corso*, 85 N.Y.2d 883, 626 N.Y.S.2d 753, 650 N.E.2d 411 (1995).

4. *People v. Ramos.*, 90 N.Y.2d 1013 (Table), 666 N.Y.S.2d 108 (1997).

"(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[5]

Prisoners whose convictions became final before the effective date of the AEDPA have been accorded one year from the effective date of the AEDPA to comply with the new limitations period.[6] As petitioner's conviction became final before the effective date of the AEDPA, the one year statute of limitations began running on April 24, 1996, the effective date of the statute.

The limitations period continued to run until January 3, 1997, the date on which the filing of petitioner's first C.P.L. § 440.10 motion tolled the running of the one year period pursuant to 28 U.S.C. § 2244(d)(2). By that time, 254 days had elapsed.

The Section 440.10 motion remained pending until leave to appeal to the Appellate Division was denied on August 28, 1997. Unless the toll continued notwithstanding the denial of leave to appeal, the limitations period began running again on that date and expired 111 days later—that is, on December 18, 1997, well prior to the filing of the second post-conviction proceeding. And petitioner contends that the toll remained in effect for two reasons.

Petitioner first contends that he never was served with a copy of the order denying leave to appeal to the Appellate Division and argues that his first Section 440.10 motion therefore remained "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and tolled the limitations peri-od under *Bennett v. Artuz*.[7] Petitioner, however, misapprehends *Bennett*.

In *Bennett*, the Court of Appeals held that the particular post-conviction proceeding there at issue remained "pending" for purposes of Section 2244(d)(2) until thirty days after service upon petitioner of a copy of the order at issue. As no such service had been made, the toll continued. But *Bennett* is distinguishable from this case.

The Court of Appeals' point in *Bennett* was that Section 2244(d)(2) must be construed to toll the running of the limitations period throughout the period during which the petitioner is exhausting his rights under state procedure in order to avoid premature filing of federal collateral attacks on state convictions. Indeed, its precise holding was "that a state-court petition is 'pending' from the time it is first filed until finally disposed of and *further appellate review is unavailable under the particular state's procedures*."[8]

In *Bennett*, the petitioner had further state appellate remedies available provided that he filed an appeal within thirty days after service upon him of a copy of the order sought to be appealed. The fact that he had not been served with a copy of the order meant that the time within which to seek to appeal in the state courts had not expired prior to the filing of the federal habeas petition. Here, on the other hand, petitioner had no appellate remedies available to him under New York law with respect to his Section 440.10 motion once leave to appeal was denied on August 28, 1997.[9] Hence, unlike the situation in *Bennett*, any failure to serve petitioner with a copy of the order denying his motion for

---

5. 28 U.S.C. § 2244(d).

6. *See Ross v. Artuz,* 150 F.3d 97, 100–01 (2d Cir.1998).

7. 199 F.3d 116 (2d Cir.1999).

8. *Id.* at 120 (emphasis added).

9. As noted above, review of the denial of a Section 440.10 motion is available only in the Appellate Division and only by leave of a judge thereof. Indeed, petitioner's effort to obtain review in the New York Court of Appeals of the denial of his Section 440.10 motion was dismissed because that court has no jurisdiction to review orders denying leave to appeal from orders denying Section 440.10 motions to the Appellate Division.

leave to appeal to the Appellate Division was immaterial.

Petitioner argues also that the Section 2244(d)(2) toll remained in effect following the denial of his motion for leave to the Appellate Division for the 90 days during which he might have sought a writ of certiorari from the United States Supreme Court.[10] Once again, however, he is mistaken.

Section 2244(d)(2) tolls the running of the limitations period only while a properly filed state post-conviction remains pending. It stands in sharp contrast to Section 2244(d)(1)(A), which gives petitioners one year from the later of the end of direct review or the time within which direct review might be sought. Congress thus intended that the time within which a potential federal habeas petitioner might seek certiorari on direct review be excluded in determining the timeliness of the federal petition, but came to precisely the opposite conclusion with respect to post-conviction remedies. Accordingly, this Court agrees with the Fifth and Eleventh Circuits, both of which have held that the Section 2244(d)(2) toll ends as soon as the applicant's post-conviction proceeding no longer is pending in the state courts without regard to the possible availability of a writ of certiorari from the Supreme Court.[11] In consequence, the statute of limitations expired for petitioner on December 18, 1997. His petition could not be deemed filed earlier than April 14, 1999, the date it bears, even given the benefit of the mail box rule.[12] His petition therefore is untimely.

The motion to dismiss is granted in all respects. As there is no substantial question presented, the Court denies a certificate of appealability and certifies, pursuant to 28 U.S.C. § 1915, that an appeal herefor would not be taken in good faith.

SO ORDERED.

---

10. SUP. CT. R. 13.

11. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999); *Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir.1999), *cert. denied,* — U.S. —, 120 S.Ct. 808, 145 L.Ed.2d 681 (2000); *accord, United States v. DeTella,* 6 F.Supp.2d 780 (N.D.Ill.1998), *rev'd on other grounds sub nom. Gonzalez v. DeTella,* 202 F.3d 273 (table), 1999 WL 1100223 (7th Cir.1999).

12. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).