Eugene FORMAN, Petitioner,

v.

Christopher ARTUZ, Superintendent,
GreenHaven Correctional
Facility, Respondent.

No. 99 Civ. 9046(RMB)(AJP).

United States District Court,
S.D. New York.

June 14, 2000.

Eugene Forman, Dannemora, NY, for Pro se.

Edward L. Schnitzer, Asst. District Attorney, Office of the District Attorney–Bronx County, Bronx, NY, for Respondent.

## ORDER

BERMAN, District Judge.

### I. Background

In a petition dated July 20, 1999[1], Eugene Forman ("Forman" or "Petitioner"), appearing pro se, filed a petition for a writ of habeas corpus ("Petition") in this Court challenging his 1991 conviction in New York State Supreme Court, Bronx County, for murder in the second degree (New York Penal Law § 125.25[1], [2] ) and criminal possession of a weapon in the second degree (New York Penal Law § 265.02[4] ). Petitioner asserts that certain alleged defects in the underlying grand jury indictment deprived him of constitutional protections.

On April 11, 2000, U.S. Magistrate Judge Andrew J. Peck, to whom the matter had been referred, issued a Report and Recommendation (the "Report"), recom-

---

1. Petitioner's affidavit of service is dated August 2, 1999 and the Petition appears to have been filed with the Court's Pro Se Office on August 4, 1999.

mending that Mr. Forman's petition be denied. Judge Peck determined that the Petition was time barred, i.e., that Petitioner had failed to file his Petition within 12 months of the date his judgment (and conviction) became final (which Magistrate Peck determined was no later than October 28, 1996), under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)-(2). On April 17, 2000, Petitioner filed written objections to the Report and on April 18, 2000, the Respondent filed objections to the Report, both pursuant to 28 U.S.C. § 636(b)(1)(C). **For the reasons set forth below, this Court adopts Judge Peck's Report and Recommendation to the extent that it concludes that the Petition is time-barred.**

## II. *Procedural History*

### A. State Court Proceedings

Following a jury trial, Petitioner was convicted in Supreme Court, Bronx County, of second degree murder and criminal possession of a weapon and, on November 6, 1991, was sentenced to twenty-five years to life imprisonment. On August 5, 1993, January 5, 1994, and August 28, 1995, respectively, Petitioner filed three motions pursuant to N.Y.Crim. Proc. Law ("CPL") § 440.10 to vacate the judgment of conviction, all of which were denied by the Supreme Court, Bronx County (on

September 30, 1993, November 4, 1994, and November 20, 1995, respectively).

The Appellate Division, First Department affirmed Petitioner's conviction on direct appeal on April 9, 1996. *People v. Forman,* 226 A.D.2d 174, 640 N.Y.S.2d 518 (1st Dep't 1996). The New York State Court of Appeals denied leave to appeal on May 28, 1996, *People v. Forman,* 88 N.Y.2d 878, 645 N.Y.S.2d 453, 668 N.E.2d 424 (1996) (table), and **denied Petitioner's application for reconsideration on July 30, 1996.**[2] *People v. Forman,* 88 N.Y.2d 966, 647 N.Y.S.2d 720, 670 N.E.2d 1352 (1996) (table). Petitioner did not, thereafter, seek a writ of certiorari from the United States Supreme Court.

On or about April 15, 1997, Petitioner moved in Supreme Court, Bronx County to reargue the November 20, 1995 denial of his (third) CPL § 440.10 motion. The Supreme Court, Bronx County, denied that motion on July 30, 1997. The Appellate Division, First Department denied leave to appeal on October 23, 1997. (Petitioner's December 1, 1997 motion to reargue the denial of leave to appeal was denied by the First Department on December 23, 1997.)

### B. State Habeas Petition

On or about January 24, 1996, Petitioner sought a state writ of habeas corpus. That application was dismissed by the Supreme Court, Westchester County on July 19, 1996. On or about July 27, 1996, Petitioner appealed that dismissal to the Ap-

---

**2.** As will be shown at page 424, Judge Peck correctly concluded that October 28, 1996 (i.e., Petitioner's final conviction date of July 30, 1996 plus 90 days in which Petitioner could have filed for a writ of certiorari from the U.S. Supreme Court) was the operative date triggering Petitioner's AEDPA 12 month limitation period. To have been timely, therefore, Petitioner's application should have been submitted in this Court by October 28, 1997. This, as will be discussed below, does

not take into consideration "tolling" of the AEDPA limitation, 28 U.S.C. § 2244(d)(1)-(2). With respect to tolling, Judge Peck concluded that even if Petitioner's post conviction proceedings were found to have tolled the limitations period, at the latest, the Petition should have been submitted by December 23, 1998. Because the Petition was in fact submitted eight months later, Judge Peck correctly found it to be untimely.

pellate Division, Second Department.[3] On May 12, 1997, the Second Department dismissed Petitioner's appeal from the Supreme Court's denial of his state habeas petition for "failure to prosecute." *See* Report at 423. Petitioner claims that he did not receive notice of entry of that (Second Department) order of dismissal. Petitioner then filed an application for leave to appeal with the New York State Court of Appeals on August 10, 1998; that application was denied on October 27, 1998. On November 9, 1998, Petitioner moved for reconsideration. The Court of Appeals denied Petitioner's application for reconsideration on December 22, 1998. (Petitioner claims he received notice of that denial on January 4, 1999.)

## C. Federal Habeas Petition

As noted, Petitioner's instant (Federal) habeas corpus petition is dated July 20, 1999; the affidavit of service is dated August 2, 1999 and the Petition was filed in the Court's Pro Se office on August 4, 1999. Judge Peck concluded that the Petition was untimely, and that "The Court need not decide whether Forman's reargument motion... [tolled AEDPA's statute of limitations] because even if it [did], it would stop the clock only while it was pending, *i.e.*, from April 15, 1997 to December 23, 1997. The combined tolls from Forman's state habeas petition and his motion to reargue are not sufficient to make Forman's federal habeas petition timely." Report at 426.

## III. *Analysis*

### A. Standard of Review

This Court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous. *See, e.g., Letizia v. Walker,* 1998 WL 567840, at *1 (W.D.N.Y. Aug.27, 1998); *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The Court conducts a de novo review of those portions of the Report to which objections have been made. *See, e.g., Letizia,* 1998 WL 567840 at *1; *Pizarro,* 776 F.Supp. at 817. Once objections are received, a district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See, e.g., DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988). Here, the Court has reviewed the (entire) underlying record, the Report and Recommendation, as well as the applicable legal authorities de novo.[4]

At issue here is whether Petitioner's Federal habeas corpus application should be dismissed as untimely under the one-year statute of limitations imposed by AEDPA. Judge Peck correctly determined that the Petition is time-barred under AEDPA. Judge Peck did not resolve definitively[5] the question of whether Petitioner's state habeas application or Petitioner's motion to reargue the denial of his third CPL § 440.10 application tolled

---

3. Petitioner also moved at that time for poor person status and appointment of counsel. The Second Department denied Petitioner's poor person application on December 19, 1996. Petitioner sought leave to appeal that denial to the New York Court of Appeals. On April 1, 1997, the Court of Appeals denied leave to appeal, holding that Petitioner could not appeal from a "non-final" determination. Report at 423.

4. The Court is mindful that Petitioner is proceeding pro se and that "leniency is generally accorded to pro se litigants." *Bey v. Human Resources Administration,* 1999 WL 31122 at *2 (E.D.N.Y. January 12, 1999).

5. See the discussion at page 420, below.

AEDPA's statute of limitations.[6] Rather, Judge Peck ruled that **even if both motions were construed to toll the statute of limitations,** the Petition would have had to have been filed, at the latest, by December 23, 1998. Since the Petition was not filed until August, 1999, i.e., a full 8 months later, it is time-barred.[7]

As noted, AEDPA imposes a one-year period of limitation on habeas corpus applications filed by persons in custody pursuant to the judgment of a state court and also specifically addresses the question of tolling. It states:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A)-(2). Judge Peck determined that the one year limitations period in this case began to run on October 28, 1996 (when Petitioner's conviction became final), but may have been tolled until December 23, 1997 (at the latest), the date on which Petitioner's motion to reargue the denial of his third CPL § 440.10 motion was denied and, therefore, ceased to be "pending" within the meaning of AEDPA, 28 U.S.C. § 2244(d)(2). *See* Report at 426.

**B. Petitioner's Objections**

■ Petitioner's (principal) argument is that his Petition is timely because it was filed within one year of **January 4, 1999,** the date that Petitioner alleges he received notice of the New York State Court of Appeals' denial of one of his applications for reconsideration.[8] He also asserts (incorrectly) that his appeal to the New York State Court of Appeals from the Appellate Division's dismissal of his state habeas appeal, which was denied by the Court of

---

6. The tolling issue is raised in Respondent's objection(s).

7. The Court agrees with Judge Peck that the Petition is time-barred but, for the reasons set forth below, also agrees with the Respondent that neither Petitioner's state habeas petition, nor his motion to reargue served to toll the statute of limitations at any point after Petitioner's conviction became final on October 28, 1996.

8. The Court notes that, in his objections, Petitioner has raised some legal arguments and factual assertions that do not appear in his Petition or in his opposition to Respondent's motion to dismiss. Such arguments and assertions (e.g., the allegations of an "ensuing criminal conspiracy" among the Bronx District Attorney's Office, the GreenHaven Correctional Facility, and Judge Peck) were not

before the Magistrate Judge and are not, therefore, properly raised here. *See Robinson v. Keane,* 1999 WL 459811 at *4 (June 29, 1999 S.D.N.Y.). ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *Abu-Nassar v. Elders Futures,* 1994 WL 445638 at *4 n. 2 (August 17, 1994 S.D.N.Y.) ("These arguments were not raised before [the Magistrate Judge], and are not submitted as objections but as new arguments. Accordingly, the plaintiff's arguments and evidence are untimely. If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments.").

Appeals on October 27, 1998 (and which denial Petitioner claimed he did not receive notice of until January 4, 1999), tolled the statute of limitations for filing a Federal writ of habeas corpus. He also asserts (incorrectly) that the New York Court of Appeal's "denial," as opposed to "dismissal," of his motion for leave to appeal constituted a recognition on the part of the Court of Appeals that Petitioner's state habeas corpus application was brought in the proper forum (and therefore, presumably, was "pending"), despite the ruling of the Supreme Court, Westchester County to the contrary. *See People ex rel Eugene Forman v. Keane*, No. 366/96 (N.Y.Sup.Ct. July 19, 1996)(Petitioner's state habeas corpus petition was "not the forum nor the manner to raise such an issue" as the alleged flaws in the grand jury indictment). *See also* 28 U.S.C. § 2244(d)(2) (requiring a state post-conviction review or collateral attack to be "pending" in order to toll the AEDPA statute of limitations); *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999)(defining "pending" within the meaning of AEDPA), *petition for cert. filed*, No. 99–1238 (January 24, 2000). This Court agrees, on this issue, with Judge Peck and disagrees with Petitioner.[9] *See Ramos v. Walker*, 88 F.Supp.2d 233, 235–36 (S.D.N.Y.2000)(Kaplan, J.)(toll on AEDPA limitations period ends, i.e., motion is no longer pending, even if petitioner is not given notice, when leave to appeal denial of CPL § 440.10 motion is denied). In the instant case, Petitioner's motion for leave to appeal the denial of his third CPL § 440.10 motion was denied on October 23, 1997.

Petitioner also argues that the one year AEDPA statute of limitations was tolled until the date (January 4, 1999) Petitioner received actual notice of a "final decision" from the New York State Court of Appeals on his state habeas claim. The Court disagrees with this argument as well. *Ramos*, 88 F.Supp.2d at 235–36. Because the Second Department's May 12, 1997 dismissal of Petitioner's state habeas petition was not appealable to the New York State Court of Appeals, it is legally immaterial that Petitioner did not receive notice of the Court of Appeal's dismissal until January 4, 1999.[10] An order of the Appellate Division dismissing an appeal for failure to perfect "involves the exercise of discretion of a type not reviewable by the Court of Appeals," *Baker v. New York City Commission on Human Rights*, 38 N.Y.2d 902, 382 N.Y.S.2d 753, 346 N.E.2d 554 (1976).

As Judge Peck correctly concluded, Petitioner was required to file his Federal habeas petition within one year of the date his conviction became final, which was October 28, 1996.[11] Thus, to comply with AEDPA, Judge Peck determined that the Petition would have to have been filed by October 28, 1997—i.e., if no post-conviction or state collateral attacks had properly been lodged by Petitioner which might have tolled the statute of limitations under AEDPA. And, even assuming, arguendo, that Petitioner was entitled to additional

---

**9.** As Judge Peck pointed out, a "state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett*, 199 F.3d at 120.

**10.** Petitioner has acknowledged that he did receive a copy of the May 12, 1997 dismissal from the Appellate Division on July 1, 1997.

**11.** October 28, 1996 is 90 days from the date (July 30, 1996) the New York State Court of Appeals denied Petitioner's motion for reconsideration (making Petitioner's conviction final). Petitioner had a 90 day "window" to seek a writ of certiorari from the U.S. Supreme Court, which he failed to do.

(tolling) time (e.g., while his state habeas petition and his motion to reargue the denial of the third CPL § 440.10 motions were pending), the Petition would (still) have had to be filed by December 23, 1998. Judge Peck observed, "The Court need not decide whether Forman's reargument motion . . . was 'properly filed' because even if it were, it would stop the clock only while it was pending, *i.e.,* from April 15, 1997 to December 23, 1997. **The combined toll from Forman's state habeas petition and his motion to reargue are not sufficient to make Forman's federal habeas petition timely.**" Report at 426. Since the Petition was not (even) dated until July 20, 1999, it is untimely by (at least) 8 months. 28 U.S.C. § 2244(d)(1).

### C. Respondent's Objections

Although Respondent agrees with Judge Peck's conclusion that the Petition is time-barred, Respondent raises several questions regarding the calculation of Petitioner's untimeliness that are, according to Respondent, left unanswered by the Report.[12] Respondent asserts that the Petition was thirty-three (33) months untimely, as opposed to eight (8) months late indicated by Judge Peck. In particular, Respondent argues that the statute of limitations began to run when Petitioner's conviction became final on October 28, 1996, and that no subsequent actions by Petitioner had any tolling effect. *See* Report at 425. The Respondent asserts that neither Mr. Forman's state habeas corpus petition of January 24, 1996 nor his April 15, 1997 application to reargue the denial of the third CPL

§ 440.10 motion serves to toll the statute of limitations under AEDPA. *See* Respondent's memorandum dated December 23, 1999 at 8 ("In the present case, none of the motions filed by petitioner subsequent to October 28, 1996, qualify under 28 U.S.C. § 2244(d)(2) as a properly filed application for State post-conviction or other collateral review, and thus, no days are tolled."). This Court agrees with Respondent.

■ Specifically, Respondent argues that Petitioner's state habeas corpus claim was not a "properly filed application" within the meaning of 28 U.S.C. § 2244(d)(2). In fact, the Supreme Court, Westchester County ruled that Petitioner's state habeas corpus petition was "not the forum nor the manner to raise such an issue," i.e., the alleged flaw(s) in Petitioner's grand jury indictment. *See People ex rel Eugene Forman v. Keane,* No. 366/96 (N.Y.Sup.Ct. July 19, 1996). As that Court correctly noted, a state habeas corpus petition cannot serve to raise an issue that could have been raised either on direct appeal or under a CPL § 440.10 motion.[13] *People ex rel Goss v. Smith,* 69 N.Y.2d 727, 512 N.Y.S.2d 367, 504 N.E.2d 694 (1987).

In *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *petition for cert. filed,* No. 99–1238 (January 24, 2000), the Second Circuit United States Court of Appeals adopted the Fifth Circuit's rationale that a "properly filed application" under AEDPA means an application filed in the proper forum. *Villegas v. Johnson,* 184 F.3d 467 (5th Cir.1999)("'a properly filed application' is one submitted according to the

---

**12.** These questions do not materially affect the ultimate outcome, i.e., that the Petition is untimely. Specifically, Respondent argues (persuasively) that Petitioner's state habeas corpus petition and application to reargue the denial of his third CPL § 440.10 motion do not to toll the statute of limitations under AEDPA.

**13.** Petitioner seems to acknowledge that his August 28, 1995 CPL § 440.10 motion filed in Bronx County was the proper vehicle for dealing with the alleged flaws in the indictment. *See* Petitioner's Memorandum dated April 15, 1997.

state's procedural requirements, such as the rules governing notice and the time and place of filing,") quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998). Thus, Petitioner's state habeas motion is not a "properly filed application" for the purposes of AEDPA and so its pendency did not, as Respondent points out, toll the statute of limitations under AEDPA.

■ Respondent also asserts that Petitioner's motion to reargue the denial of his third CPL § 440.10 motion was never "pending" within the meaning of AEDPA. 28 U.S.C. § 2244(d)(2). *See Bennett*, 199 F.3d 116, 120 (2d Cir.1999)("a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures"). Petitioner filed his third CPL § 440.10 motion on August 28, 1995, and the Supreme Court, Bronx County denied it on November 20, 1995. Petitioner then sought leave to appeal that denial; the Appellate Division, First Department denied that application on December 28, 1995. Thus, Petitioner's "application for State post-conviction ... review" was pending (only) between August 28, 1995 and December 28, 1995—not until December 23, 1997, as Judge Peck suggests. *See Id.; Geraci v. Senkowski*, 23 F.Supp2d. 246, 253 (E.D.N.Y.1998)(a post-conviction CPL § 440 motion is considered to be pending from the time it is filed to the time leave to appeal is denied. "The 'clock' stopped running 283 days later, on February 1, 1997, the date the petitioner filed his § 440 motion." The statute of limitations began running again on August 26, 1997, the day after the petitioner was denied leave to appeal the Appellate Division's denial of his § 440

motion....) *aff'd* 211 F.3d 6 (2d Cir.2000); *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998)(*accord*). Neither denial of his third CPL § 440.10 motion on November 20, 1995 (nor denial of the subsequent leave application on May 28, 1996) serves to toll the AEDPA statute of limitations, because both occurred prior to the date when Petitioner's conviction became final (October 28, 1996).

The Court concludes that the AEDPA statute of limitations was not tolled during the time that Petitioner's state habeas corpus petition was pending (which Petitioner claims was January 24, 1996 to May 12, 1997) nor during the time that the Petitioner's motion to reargue the denial of his third CPL § 440.10 motion was pending (which he claims was July 20, 1995 to December 23, 1997). The AEDPA statute of limitations began to run uninterrupted on October 28, 1996, when Petitioner's conviction became final, and it expired on October 28, 1997, barring any Federal habeas corpus applications brought after that date.[14]

## IV. Order

The Court incorporates Magistrate Judge Peck's Report by reference to the extent that it concludes that Petitioner's petitioner is untimely. The Court respectfully rejects so much of the Report that concludes that Petitioner's state habeas application and his motion to reargue the denial of his third CPL § 440.10 motion may have tolled the AEDPA statute of limitations. Respondent's motion to dismiss the Petition is granted and Petitioner's writ of habeas corpus is denied. The Court further finds that a Certificate of

---

**14.** As Judge Peck correctly notes, even if these state actions were deemed to toll the statute of limitations, Petitioner would have to have filed the instant (Federal) habeas claim within one year from December 23, 1997, i.e., by December 23, 1998. Since the Petition was dated July 20, 1999, and filed some time between August 2 and August 4, 1999, Petitioner's Federal application is, in any case, untimely under AEDPA.

Appealability is not warranted as Petitioner has not made a substantial showing of any denial of constitutional right. 28 U.S.C. § 2253(c).

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Petitioner Eugene Forman seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his November 6, 1991 conviction of second degree murder and criminal weapons possession and sentence of twenty-five years to life. (*See* Dkt. No. 2: Pet. ¶¶ 1–4.) Forman's habeas petition, served on August 2, 1999 and received by the Court's pro se office on August 4, 1999, raises nine grounds for relief. (*See* Pet.)

By motion dated December 23, 1999, the Bronx District Attorney's Office moved to dismiss the petition as barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

For the reasons set forth below, I recommend that Forman's habeas petition be dismissed as barred by the AEDPA's one-year statute of limitations.

## PROCEDURAL BACKGROUND

### State Court Proceedings

Forman was convicted after a jury trial in Supreme Court, Bronx County, of second degree murder and criminal weapons possession, and on November 6, 1991 was sentenced to twenty-five years to life imprisonment. (Pet. ¶¶ 1–4; Dkt. No. 7: Affidavit of Assistant District Attorney Edward L. Schnitzer, dated December 23, 1999, ¶ 5; Dkt. No. 16: Schnitzer 2/4/00 Reply Aff. ¶ 3.)

On August 5, 1993, January 5, 1994 and August 28, 1995, Forman filed three CPL § 440.10 motions to vacate the judgment, which were denied by the Supreme Court, Bronx County, on September 30, 1993, November 4, 1994 and November 20, 1995, respectively. (Schnitzer 12/23/99 Aff. ¶¶ 6, 8, 10; Dkt. No. 13: Forman "Answer" dated December 29, 1999, ¶¶ 2(a), 6–7; Schnitzer 2/4/00 Reply Aff. ¶ 7; *see also* Pet. ¶ 11(a).) The First Department denied leave to appeal on January 3, 1994, August 3, 1995 and December 28, 1995, respectively. (Schnitzer 12/23/99 Aff. ¶¶ 7, 9, 11; Forman 12/29/99 Answer ¶¶ 2(a), 6–7; *see* Pet. ¶ 11(a)(6).) These CPL § 440.10 motions do not have any effect on the AEDPA limitation period.

The First Department affirmed Forman's conviction on direct appeal on April 9, 1996. *People v. Forman*, 226 A.D.2d 174, 640 N.Y.S.2d 518 (1st Dep't 1996).[1] The New York Court of Appeals denied leave to appeal on May 28, 1996, *People v. Forman*, 88 N.Y.2d 878, 645 N.Y.S.2d 453, 668 N.E.2d 424 (1996) (table), and denied reconsideration on July 30, 1996, *People v. Forman*, 88 N.Y.2d 966, 647 N.Y.S.2d 720, 670 N.E.2d 1352 (1996) (table).[2] Forman did not seek a writ of certiorari from the United States Supreme Court. (Schnitzer 12/23/99 Aff. ¶ 16; Forman 12/29/99 Answer ¶ 2(a).)

On or about April 15, 1997, Forman moved, in Supreme Court, Bronx County, to reargue the November 20, 1995 denial of his third CPL § 440.10 motion. (Schnitzer 2/4/00 Reply Aff. ¶¶ 8–10 & n. 2 & Ex. 1.) The Supreme Court, Bronx County, denied that motion on July 30, 1997. (Schnitzer 2/4/00 Reply Aff. ¶ 11 & Ex. 5; *see also* Schnitzer 12/23/99 Aff.

---

**1.** (*See also, e.g.,* Schnitzer 12/23/99 Aff. ¶ 13; Forman 12/29/99 Answer ¶ 2(a); Schnitzer 2/4/00 Reply Aff. ¶ 4.)

**2.** (*See also* Pet. ¶ 9; Schnitzer 12/23/99 Aff. ¶¶ 12–16; Forman 12/29/99 Answer ¶ 2(a); Schnitzer 2/4/00 Reply Aff. ¶¶ 5–6.)

¶ 17.) The First Department denied leave to appeal on October 23, 1997. (Schnitzer 12/23/99 Aff. ¶ 18; Schnitzer 2/4/00 Aff. ¶ 12 & Ex. 6.) Forman's December 1, 1997 motion to reargue the denial of leave to appeal was denied by the First Department on December 23, 1997. (Schnitzer 12/23/99 Aff. ¶ 18; Schnitzer 2/4/00 Reply Aff. ¶ 13 & Ex. 7.)

### Forman's State Habeas Petition

On or about January 24, 1996 Forman sought a state writ of habeas corpus, which was dismissed by the Supreme Court, Westchester County, on July 19, 1996. (Pet.¶ 11(b); Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶¶ 14–18.)

On or about July 27, 1996, Forman appealed that dismissal to the Second Department, and moved for poor person status and appointment of counsel. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 19.) The Second Department denied Forman's poor person application on December 19, 1996. (Schnitzer Aff. ¶ 22.) Forman sought leave to appeal to the New York Court of Appeals. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 23.) On April 1, 1997, the Court of Appeals denied leave to appeal holding that Forman could not appeal from a non-final determination. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 24.)

On May 12, 1997, the Second Department dismissed Forman's appeal from the Supreme Court's denial of his state habeas petition for failure to prosecute. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 25.) Forman claims that he did not receive notice of entry of that Order (Forman 12/29/99 Answer ¶ 14), but that when he learned he did not have to wait, filed an application for leave to appeal with the New York Court of Appeals on August 10, 1998. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff.

¶ 26.) The Court of Appeals denied leave to appeal on October 27, 1998. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 29.) On November 9, 1998, Forman moved for reconsideration. (Schnitzer 2/4/00 Reply Aff. ¶ 30.) The Court of Appeals denied Forman's application for reconsideration on December 22, 1998, which Forman claims he received on January 4, 1999. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 31.)

### Forman's Present Federal Habeas Corpus Petition

Forman's present federal habeas corpus petition is dated July 20, 1999 (Pet. at p. 6), Forman's affidavit of service is dated August 2, 1999 (Pet., last page), and the petition was received by the Court's pro se office on August 4, 1999 (Pet., first page, rec'd stamp). (*See also* Schnitzer 12/23/99 Aff. ¶ 19; Forman 12/29/99 Answer ¶ 2(a); Schnitzer 2/4/00 Reply Aff. ¶ 32.)

### ANALYSIS

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act. The AEDPA instituted a one-year statute of limitations for habeas corpus petitions filed after April 24, 1996:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Forman's conviction became final no later than October 28, 1996, ninety days after the New York Court of Appeals' denial of Forman's reconsideration motion, "when his time to seek direct review in the United States Supreme Court by writ of certiorari expired." *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998); *see, e.g., Lugo v. Kuhlmann,* 68 F.Supp.2d 347, 359–60 (S.D.N.Y.1999) (Patterson, D.J. & Peck, M.J.) (citing cases); *Varsos v. Portuondo,* 98 Civ. 6709, 1999 WL 558147 at *2 (S.D.N.Y. July 9, 1999) (Batts, D.J. & Peck, M.J.); *DeVeaux v. Schriver,* 98 Civ. 7563, 1999 WL 1216298 at *4 (April 29, 1999) (Peck, M.J.), report & rec. adopted 1999 WL 1095580 (S.D.N.Y. Dec.3, 1999); *Torres v. Irvin,* 33 F.Supp.2d 257, 271 (S.D.N.Y.1998) (Cote, D.J. & Peck, M.J.).[3] Forman concedes that his conviction became final no later than October 28, 1996. (Forman 12/29/99 Answer ¶ 13.)

Thus, absent any toll, Forman would have had to bring his habeas petition within one year after October 28, 1996, *i.e.,* by October 28, 1997, to be timely.

After October 28, 1996, the only state collateral proceedings were (1) Forman's state habeas corpus petition and (2) his April 15, 1997 motion to reargue the denial of his third CPL § 440.10 motion.

It is clear that the state collateral attack toll of § 2244(d)(2) does not start the one-year statute of limitations to run anew; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year statute of limitations by bringing

a belated state collateral attack. *Smith v. McGinnis,* 208 F.3d 13, 16–17 (2d Cir. 2000) (citing, *inter alia, Torres v. Miller,* 99 Civ. 0580, 1999 WL 714349 at *3 (S.D.N.Y. Aug. 27, 1999) (Mukasey, D.J. & Peck, M.J.)); *see also, e.g., Varsos v. Portuondo,* 1999 WL 558147 at *3; *DeVeaux v. Schriver,* 1999 WL 1216298 at *4. "Rather, § 2244(d)(2) merely excludes the time a [state] collateral attack is under submission from the calculation of the one-year statute of limitations." *Torres v. Miller,* 1999 WL 714349 at *4 (citing cases); *accord, e.g., Smith v. McGinnis,* 208 F.3d at 17 ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

The State argues that Forman's state habeas petition does not toll the AEDPA's one-year statute of limitations for several reasons. (State Reply Br. at 5–17.) Even assuming *arguendo* that Forman's initial state habeas petition can act as a toll, his federal habeas petition is untimely. The toll from his state habeas petition would begin as soon as his conviction became final on October 28, 1996 (since the state habeas petition already was filed before his conviction became final) and end when the Second Department dismissed Forman's appeal from the denial of state habeas relief on May 12, 1997. (Forman 12/29/99 Answer ¶ 14; Schnitzer 2/4/00 Reply Aff. ¶ 25.) However, Forman's appeal to the New York Court of Appeals did not further toll the AEDPA's statute of limitations. A "state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular

---

**3.** The State contends that the statement in *Ross* is dicta and should not be followed here. (State Br. at 5–7.) Inclusion or exclusion of

the ninety-day certiorari period would not change the analysis or result in this case.

state's procedures." *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *petition for cert. filed,* No. 99–1238 (Jan. 24, 2000); *see also, e.g., Adeline v. Stinson,* 206 F.3d 249, 251–52 (2d Cir.2000); *Ramos v. Walker,* 88 F.Supp.2d 233, 235–36 (S.D.N.Y.2000) (Kaplan, D.J.) (toll on AEDPA limitations period ends, *i.e.,* motion is no longer pending, when leave to appeal denial of CPL § 440.10 motion is denied, even if petitioner is not served with order denying leave); *Martinez v. Stinson,* 98 Civ. 7718, 2000 WL 284191 at *3 (S.D.N.Y. March 9, 2000) (Sprizzo, D.J. & Peck, M.J.).

Under New York law, the Second Department's decision, dismissing Forman's appeal for failure to prosecute, was not appealable to the New York Court of Appeals, since it "involve[d] the exercise of discretion of a type not reviewable by the Court of Appeals." *Baker v. New York City Comm'n on Human Rights,* 38 N.Y.2d 902, 902, 382 N.Y.S.2d 753, 753, 346 N.E.2d 554 (1976); *see also, e.g., Ramos v. Walker,* 88 F.Supp.2d at 235 n. 8; *Muka v. Heffron,* 39 N.Y.2d 1035, 1036, 387 N.Y.S.2d 250, 250, 355 N.E.2d 304 (1976); *In re Legal Aid Society v. District Attorney of Westchester Co.,* 35 N.Y.2d 730, 730, 361 N.Y.S.2d 652, 652, 320 N.E.2d 282 (1974).

As the Second Circuit explained: "While the *Bennett* Court recognized that AEDPA's tolling provision complements its requirement that state post-conviction procedures be exhausted before a habeas petition is filed, ... petitioner's [application to the New York Court of Appeals for leave to appeal from a non-appealable order] is not the sort of 'exhaustion' that either the AEDPA Congress or the *Bennett* panel had in mind." *Adeline v. Stinson,* 206 F.3d at 253.[4] Thus, Forman would be entitled to a toll from his state habeas petition only until the Second Department's decision on May 12, 1997.[5] The AEDPA's limitation period thus expired one year later on May 12, 1998, but Forman's federal habeas petition was not filed until August 2, 1999. His petition, therefore, is untimely.

Forman's April 15, 1997 motion to reargue the denial of his third CPL § 440.10 motion does not make his petition timely. The State contends that the motion was not a "properly filed application," as required by 28 U.S.C. § 2244(d)(2). (*See* State Br. at 9–10.) The Court need not decide whether Forman's reargument motion (of a decision rendered some eighteen months earlier for which leave to appeal had already been denied) was "properly filed" because even if it were, it would stop the clock only while it was pending, *i.e.,* from April 15, 1997 to December 23, 1997.

The combined tolls from Forman's state habeas petition and his motion to reargue are not sufficient to make Forman's federal habeas petition timely. The combined tolls would run through December 23,

---

4. While Forman notes that he did not receive notice of entry of the Second Department's order, that is of no effect. As Judge Kaplan wrote in a procedurally similar case,

> Here ... petitioner had no appellate remedies available to him under New York law with respect to his Section 440.10 motion once leave to appeal was denied ... Hence, unlike the situation in *Bennett,* any failure to serve petitioner with a copy of the order ... was immaterial.

*Ramos v. Walker,* 88 F.Supp.2d at 235–36. Thus, in *Ramos* the toll ended with the Appellate Division's decision, and not the later date when the New York Court of Appeals denied leave to appeal. *Id.,* 88 F.Supp.2d at 235 n. 8.

5. Forman contends that he received the Second Department's decision on July 1, 1997. (Forman 12/29/99 Answer ¶ 14.) Even if the Court were to extend the toll through July 1, 1997, Forman's federal habeas petition would not be timely.

1997, so that the AEDPA's one-year limitation period would have expired on December 23, 1998. Forman's federal habeas petition was not filed until August 2, 1999. Forman's petition is untimely.

### CONCLUSION

For the reasons set forth above, the Court should dismiss Forman's federal habeas petition as barred by the AEDPA's one-year statute of limitations.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 40 Centre Street, Room 201, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Berman. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714

F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

DATED: April 11, 2000.