Cornell **LUKE**, Petitioner,

v.

Ernest **EDWARDS**, Superintendent, Otisville Correctional Facility, Respondent.

No. 99 CIV 10104 DC.

United States District Court, S.D. New York.

April 25, 2001.

Cornell Luke, Otisville Correctional Facility, Otisville, New York, Jeanine Pirro, District Attorney, Westchester County, By: John J. Sergi, Joseph M. Latino, Assistant District Attorneys, White Plains, New York, Petitioner, pro se.

## MEMORANDUM DECISION

CHIN, District Judge.

*Pro se* petitioner Cornell Luke brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 16, 1982, conviction in the Supreme Court of the State of New York, Westchester County, for murder in the second degree, petit larceny, and criminal possession of a weapon in the fourth de-

gree. For the reasons set forth below the petition is dismissed as untimely.

### PROCEDURAL HISTORY

Petitioner was convicted on November 16, 1982, in New York State Supreme Court, Westchester County, on the aforementioned charges. On November 30, 1982, he was sentenced to an indeterminate term of imprisonment from twenty years to life for murder in the second degree, concurrent with a one-year determinate term for petit larceny and a one-year determinate term for criminal possession of a weapon in the fourth degree. The Appellate Division affirmed petitioner's conviction on April 8, 1985. *People v. Luke,* 110 A.D.2d 717, 488 N.Y.S.2d 30 (1985). Leave to appeal to the Court of Appeals was denied on September 13, 1985, *People v. Luke,* 66 N.Y.2d 616, 494 N.Y.S.2d 1039, 485 N.E.2d 243 (1985), and again upon reconsideration on October 9, 1985. *People v. Luke,* 66 N.Y.2d 764, 497 N.Y.S.2d 1038, 488 N.E.2d 124 (1985).

On June 12, 1986, petitioner submitted his first habeas corpus petition in the Southern District of New York. By memorandum decision dated September 22, 1986, the Court (Goettel, U.S.D.J.) found that petitioner's claims, with the exception of one,[1] were not exhausted for presentation to a federal habeas court. (R: 4).[2] Thus, the Court dismissed the petition without prejudice.

Thereafter, by a motion returnable on August 7, 1989, petitioner brought his first CPL 440.10 motion to vacate his convic-

tion. (R: 107–25). On January 5, 1990, the Westchester Supreme Court denied the motion. (R: 134–35). Petitioner again moved to vacate his conviction under CPL 440.10 by papers dated December 19, 1990. (R: 136–41). On July 17, 1991, the Westchester Supreme Court denied the motion as procedurally barred, and, on October 15, 1991, the Appellate Division denied petitioner's application for discretionary appeal from that result. (R: 158–62). Petitioner next brought a petition for an appellate writ of *coram nobus,* which the Appellate Division denied on May 21, 1992. (R: 163–71, 191).

Approximately five years later, in papers dated January 27, 1997, petitioner brought his third CPL 440.10 motion. (R: 192–223). By a decision and order dated June 18, 1997, the Westchester Supreme Court denied the motion as procedurally barred. (R: 245–49). In papers dated September 19, 1997, petitioner moved the Appellate Division for leave to appeal that decision (R: 249–51), and on November 17, 1997, the Appellate Division denied the request. (R: 249–51, 252). On May 4, 1998, petitioner applied to the Court of Appeals for a certificate to appeal the denial.[3] On June 12, 1998, the application was dismissed because, as stated by the court, "the order sought to be appealed is not appealable." (Petitioner's Affirmation, dated October 28, 1999, Ex. C).

On August 23, 1999, petitioner filed the instant petition for a writ of habeas corpus. On September 29, 1999, then Chief Judge Griesa issued an order directing petitioner

---

**1.** The Court found that this claim, for insufficiency of evidence of guilt, was vitiated "by a showing (clearly present here) that a reasonable juror could have found the essential elements of the crime." (R: 5).

**2.** "R" refers to respondent's Memorandum of Law and accompanying appendix, received by the Court on January 18, 2000.

**3.** The Court will presume that petitioner's application for leave to appeal was filed on May 4, 1998, as he provided that date under § 11(a)(6) of the instant petition.

to show cause as to why the one-year statute of limitations period should not bar the petition. Within that order, Judge Griesa noted that it had been thirteen years and seven months since petitioner's judgment became final.

Petitioner replied on October 28, 1999, alleging that a ninety-day delay between the issuance of the June 12, 1998, Court of Appeals decision and his receipt of that decision caused the statute of limitations to expire. Because he has "with due diligence [been litigating] the issues before the court [since] January 30, 1997," petitioner believes the one-year statute of limitations should not bar his petition.

## DISCUSSION

### A. *Applicable Law*

#### 1. *AEDPA*

■ Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner must file his application for relief within a one-year period of limitations that generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Prisoners such as petitioner, however, whose convictions became final prior to AEDPA's effective date of April 24, 1996, are given a one-year grace period in which to file their habeas petitions, that is, until April 24, 1997. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998). Moreover, the grace period will be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent claim or judgment is pending." 28 U.S .C. § 2244(d)(2). Specifically, "a state court petition is 'pending' from the time it

is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999), *aff'd on other grounds*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (U.S. 2000); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (per curiam) (holding that the "tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run"), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir.2000) (tolling ends when the state court renders its decision).

#### 2. *Equitable Tolling*[4]

■ A petitioner seeking equitable tolling must show that "extraordinary circumstances prevented him from filing his petition on time." *McGinnis*, 208 F.3d at 17. A petitioner also "must have acted with reasonable diligence throughout the period he seeks to toll." *Id.; see, e.g., Montalvo v. Strack*, No. 99 Civ. 5087, 2000 WL 718439, 2000 U.S. Dist. LEXIS 7563 (S.D.N.Y. June 5, 2000) (holding that delay in excess of three years after conclusion of direct review does not constitute reasonable diligence).

### B. *Application*

■ Petitioner was convicted in 1982. He pursued his state court remedies and received a final state court determination on October 9, 1985, when, upon reconsideration, the Court of Appeals adhered to its denial of leave to further appeal the conviction. Thus, petitioner's judgment became final on January 9, 1986, "at the

---

**4.** Although petitioner does not specifically refer to equitable tolling, because his petition can be construed as including such an argument, the Court will conduct an equitable tolling analysis.

conclusion of ninety days during which he could have sought certiorari in the United States Supreme Court." *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997). Although petitioner filed the instant petition with the Court's *Pro Se* Office on August 23, 1999—more than thirteen years and seven months from the date his conviction became final—due to the grace period afforded to him under *Ross,* the statute of limitations did not begin to run until April 24, 1996. Thus, absent any tolling, this petition would have had to have been filed by April 24, 1997. *Ross,* 150 F.3d at 103. The issue for this Court, therefore, is whether a properly filed application for State post-conviction review was pending, thereby tolling the statute of limitations, for a period of time sufficient to render the instant petition timely.

### 1. *AEDPA*

■ From April 24, 1996,[5] until January 27, 1997, petitioner took no affirmative action with respect to his case. Consequently, the statute of limitations ran for 278 days. On January 27, 1997, when petitioner ·brought his third 440.10 motion, the clock stopped and the statute was tolled. The tolling lasted for 142 days, or, until June 18, 1997, when the Westchester Supreme Court denied petitioner's motion. Petitioner then had 87 days left, until September 13, 1997, to file his second habeas petition.[6] He did not take any action, however, until September 19, 1997, six days after the statute of limitations expired, when he applied to the Appellate Division for leave to appeal the denial of his third CPL 440.10 motion.

Nonetheless, assuming that the statute did not expire and was tolled through November 17, 1997—when the Appellate Division denied petitioner's September 19, 1997, application—the statute would have been tolled for another 59 days.[7] It was not until May 4, 1998, however, that petitioner filed his next motion, 168 days after the November 17, 1997, decision. Consequently, the instant petition would have been time barred at this point.

It is, therefore, irrelevant that petitioner did not receive the decision from his May 4, 1998, application to the Court of Appeals until 90 days after it had been rendered. Even when tolling the time that all motions were pending plus the 90–day delay, 233 days had passed since the actual expiration of the statute. *See Geraci,* 211 F.3d at 6 (dismissing a habeas petition as untimely when the one-year grace period was exceeded by three days); *Bonilla v. Ricks,* No. 00 Civ. 7925, 2001 WL 253605, 2001 U.S. Dist. LEXIS 2505 (S.D.N.Y. March 14, 2001) (dismissing a habeas petition as untimely when the statute of limitations

---

**5.** In light of the fact that the statute of limitations did not begin to run until April 24 1996, any post-conviction practice taking place before that date is irrelevant to this petition and will not be discussed herein.

**6.** Although the Court refers to the instant habeas petition as petitioner's "second" petition, the Court does not construe it as a "second or successive petition" as used, for example, in 28 U.S.C. § 2244, because his earlier June 12, 1986, petition was dismissed without prejudice. *See Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1604–05, 146 L.Ed.2d 542 (2000).

**7.** This Court has held that the toll on AEDPA limitations period ends, even if a petitioner did not have notice, when leave to appeal the denial of CPL § 440.10 motion is denied by Appellate Division because New York law provides no further review by the Court of Appeals. *See Ramos v. Walker,* 88 F.Supp.2d 233, 234, 235–6 & nn. 3, 9 (S.D.N.Y.2000). Here, petitioner's motion for leave to appeal the denial of his third CPL § 440.10 motion was denied on November 17, 1997. Therefore, the statute of limitations, had it not expired earlier, could have expired no later than that date.

expired seven days prior to filing). Hence, petitioner's instant petition for a writ of habeas corpus is clearly time barred under the AEDPA's one-year statute of limitations.

### 2. *Equitable Tolling*

■ To the extent that petitioner's argument is a request for equitable tolling, that request is denied. In allowing 278 days of his one-year grace period to pass before challenging his conviction—and ultimately filing the instant petition 809 days past his September 13, 1997, deadline under AEDPA—petitioner has failed to act with "reasonable diligence throughout the period he seeks to toll." *McGinnis*, 208 F.3d at 17. Additionally, the record contains no evidence of extraordinary or unusual circumstances that would have prevented petitioner from filing the petition on time. Accordingly, there is no justification for allowing equitable tolling of the AEDPA's one-year limitation period.

### CONCLUSION

For the forgoing reasons, the petition for a writ of habeas corpus is denied. Because the petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253 (as amended by the AEDPA). I certify pursuant to 29 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED