ther proceedings consistent with this opinion.

Tony Bruce BENNETT, Petitioner–
Appellant,

v.

Christopher ARTUZ, Superintendent,
Respondent–Appellee.

Docket No. 98–2452.

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1999.

Final brief submitted Sept. 29, 1999.

Decided Oct. 25, 1999.

Ellen B. Resnick, Law Offices of Alan S. Futerfas, New York, New York, for Petitioner–Appellant.

Kathleen O'Leary, Assistant District Attorney, Queens County (Richard A. Brown, District Attorney, Queens County, John M. Castellano, Assistant District Attorney, Queens County, of counsel), Kew Gardens, New York, for Respondent–Appellee.

Before: WINTER, Chief Judge, KEARSE, and McLAUGHLIN, Circuit Judges.

WINTER, Chief Judge:

Tony Bruce Bennett appeals from Judge Gershon's *sua sponte* dismissal of his habeas corpus petition pursuant to 28 U.S.C. § 2254 as untimely. The district court concluded that the petition was time-barred based on the fact that the petition was filed more than twenty-one months after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), and on our decision in *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997), holding that prisoners whose convictions became final prior to AEDPA's enactment have only a "reasonable time" after the enactment to bring federal habeas petitions. For the reasons set forth below, we reverse and remand.

Following a 1984 jury trial in New York Supreme Court, Queens County, appellant was convicted of two counts of attempted murder in the first degree, criminal possession of a weapon in the second degree, two counts of reckless endangerment in the first degree, criminal possession of stolen property in the first degree, and unauthorized use of a motor vehicle. The evidence introduced at trial established, among other things, that appellant fired two bullets at a police car during a car chase. The Appellate Division, Second Department, affirmed the conviction in a decision dated March 2, 1987. *See People v. Bennett*, 128 A.D.2d 540, 512 N.Y.S.2d 472 (1987). Leave to appeal the decision to New York's Court of Appeals was thereafter denied. *See People v. Bennett*, 69 N.Y.2d 1001, 517 N.Y.S.2d 1034, 511 N.E.2d 93 (1987) (table).

In May 1991, appellant moved to vacate the judgment of conviction pursuant to N.Y.Crim. Proc. Law ("CPL") § 440.10 on

the grounds of newly discovered evidence and ineffective assistance of counsel. The motion was denied in an August 1991 order. In June 1995, appellant moved *pro se* to vacate the judgment of conviction pursuant to CPL § 440.10 (the "1995 Motion"). The 1995 Motion asserted that the trial court denied appellant the right: to be present at the *Sandoval* hearing and at other critical stages of trial, and to offer certain testimony at trial. Appellee maintains that the 1995 Motion was denied "by the state court in an oral decision on November 30, 1995," in a ruling "without any conclusions of law or fact." Appellant represents that he never received a copy of an order denying the 1995 Motion despite having written numerous letters to the state court requesting information on the disposition of the motion and requesting a written copy of the disposition. For purposes of this appeal, we view the record in the light most favorable to appellant and accept his representation that service of a written order never occurred. On remand, of course, this will be a factual issue to be resolved.

On February 11, 1998, appellant filed the instant petition. He alleged in the petition violations of his constitutional rights: (i) to present witnesses in his defense and to a fair trial; (ii) to be present at all material stages of the trial; and (iii) to the effective assistance of counsel. The district court dismissed the petition *sua sponte* as time-barred but granted appellant's motion for a certificate of appealability ("COA"). When the district court dismissed the petition, however, appellant's representations concerning the 1995 Motion were not before it. These came to light only when appellant moved the district court for a COA.

In determining whether the petition was properly dismissed, we address three issues: (i) whether AEDPA's pending-state-petition tolling provision, 28 U.S.C. § 2244(d)(2), applies because appellant's conviction became final prior to AEDPA's enactment; (ii) if that tolling provision applies, whether the 1995 Motion was "pending" within the meaning of that provision; and (iii) if that tolling provision applies, whether appellant's 1995 Motion was "properly filed" within the meaning of that provision.

a) *Applicable   Limitations   Period   and AEDPA's Tolling Provision*

◼ Prior to the enactment of AEDPA, there was no formal limit on the time for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. Delayed filing of a petition was a basis for dismissal only if the appellant knew or could have known the grounds for the petition earlier and if the state demonstrated "that the delay prejudiced [it] in its ability to respond to the petition." *Ross v. Artuz*, 150 F.3d 97, 99 (2d Cir.1998) (alteration in original) (internal quotations and citation omitted). AEDPA changed this by imposing a one-year limitations period on habeas petitions that begins to run from the latest of several events, including the date on which the challenged state judgment becomes final. *See generally* 28 U.S.C. § 2244(d)(1).

AEDPA's one-year limitations period does not strictly apply to the instant petition because appellant's conviction became final prior to AEDPA's enactment. *See Reyes v. Keane*, 90 F.3d 676, 678–79 (2d Cir.1996) (holding that AEDPA's one-year limitations period does not apply retroactively), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336–37, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (holding that AEDPA provisions for non-capital cases "generally apply only to cases filed after [AEDPA] became effective"). However, we have held that prisoners whose habeas claims accrued prior to AEDPA's enactment are afforded the "reasonable time" of "one year after the effective date of AEDPA" to file a federal habeas petition. *Ross*, 150 F.3d at 102–03. That one-year grace period expired April 24, 1997, over nine months before the instant petition was filed.

However, AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). By not counting the time during which a petition is pending in state court, the tolling provision preserves the "long-standing federal policy" of requiring habeas appellants to exhaust state court remedies prior to initiating suit in federal court. *Mills v. Norris,* 187 F.3d 881, 883–84 (8th Cir.1999) (noting that "[t]he tolling period in § 2244(d)(2) complements [the exhaustion requirement under 28 U.S.C. § 2254(c) ] by extending the time for filing federal petitions while state remedies are being exhausted"); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (noting that exhaustion doctrine is based upon the understanding that "state courts should have the first opportunity to review [an unlawful confinement] claim and provide any necessary relief").

We have not yet considered whether the pending-state-petition tolling provision extends the one-year grace period established in *Ross.* Several other circuit courts have considered the issue, however, and have held that the tolling provision applies to petitions challenging pre-AEDPA convictions. *See Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir.1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir.1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 (7th Cir.1998) (per curiam) (resolving consolidated cases), *cert. denied* —— U.S. ——, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir.1998); *Lovasz v. Vaughn,* 134 F.3d 146, 149 (3d Cir.1998); *see also Mills,* 187 F.3d at 882–84 (applying § 2244(d) tolling provision to habeas petition challenging pre-AEDPA conviction

without discussing propriety of doing so); *Guenther v. Holt,* 173 F.3d 1328, 1331 (11th Cir.1999) (same). We agree with these circuits and hold that AEDPA's pending-state-petition tolling provision does apply to a petition challenging a pre-AEDPA conviction. To hold otherwise would effectively discourage appellants from starting and completing the state-court review process.

b) *"Pending" Motion Under 28 U.S.C. § 2244(d)(2)*

We further conclude that the 1995 Motion was still "pending" before the New York courts in February 1998, for purposes of 28 U.S.C. § 2244(d)(2), when appellant filed the instant petition. Accordingly, the limitations period in which appellant had to file his habeas petition was tolled.[1]

AEDPA's tolling provision complements the 28 U.S.C. § 2254(c) exhaustion requirement by tolling the limitations period on federal habeas petitions while an appellant pursues state-court remedies. *See Mills,* 187 F.3d at 883–84. When Congress enacted AEDPA, one of its policy goals was to "provide[ ] for the exhaustion of state remedies and require[ ] deference to the determinations of state courts." H.R. Conf. Rep. No. 104–518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 944. Indeed, "[t]olling the federal statute of limitations while the state prisoner is properly adhering to exhaustion requirements reinforces the orderly presentation of claims to the appropriate state tribunals and obviates the need for federal action." *Nino v. Galaza,* 183 F.3d 1003, 1005 (9th Cir.1999). If we were to hold that a post-conviction petition is not pending before state courts during the intervals between disposition and appeal, we would force appellants into federal court prema-

---

1. We note that the issue before us does not involve the need for appellant to exhaust state remedies. We decide only that the pending-state-petition tolling provision applies to ap-

pellant's 1995 motion, whether or not its filing was a prerequisite to a subsequent federal petition.

turely, before "giv[ing] ... state courts [a] full opportunity to resolve any constitutional issues." *O'Sullivan*, 119 S.Ct. at 1732. We therefore hold that a state-court petition is "pending" from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures. Having determined the circumstances during which a state-court petition may be considered "pending," we now address whether appellant's 1995 Motion falls within those circumstances.

■ The 1995 Motion was a motion to vacate judgment pursuant to CPL § 440.10. Under CPL § 450.15, a movant may appeal the denial of a § 440.10 motion to vacate judgment "provided that a certificate granting leave to appeal is issued pursuant to [CPL § ] 460.15." And, under the rules of the Second Department, a certificate for leave to appeal must be made in writing within thirty days of service of the adverse order. These rules state, in relevant part, that:

> (1) An application pursuant to ... CPL 460.15 for leave to appeal to this court from an order shall be made in writing *within 30 days after service of the order upon the applicant* ....
>
> (2) The application ... shall include ... (vi) a copy of the order sought to be reviewed and a copy of the decision of the court of original instance or a statement that there was no decision.

N.Y. Ct. Rules § 670.12(b)(1) & (b)(2)(vi) (emphasis added); *see also* CPL § 460.10(4) ("An appeal by a defendant to an intermediate appellate court by permission, pursuant to [CPL § ] 450.15, is taken" by applying for a § 460.15 certificate "(a) *[w]ithin thirty days after service upon the defendant of a copy of the order sought to be appealed* ...." (emphasis added)).

■ Appellees argue that appellant's motion was no longer pending by the end of 1996, when he learned of the oral denial of the motion and neither filed an application for leave to appeal nor sought a writ

of mandamus pursuant to Article 78 to compel the state court to issue an appealable order. However, we conclude that the 1995 Motion was and is still "pending" in the New York courts for purposes of the AEDPA tolling provision. If Appellant was never served with a copy of the order denying the 1995 Motion, he could not apply for a certificate for leave to appeal because the thirty-day period for applying for the certificate has not yet commenced. *See People v. Washington*, 86 N.Y.2d 853, 633 N.Y.S.2d 476, 657 N.E.2d 497, 498 (1995) (holding that "service by the prevailing party is necessary under CPL 460.10 in order to commence the time period for the other party to take an appeal"). Moreover, appellant allegedly wrote numerous letters to the state court concerning the 1995 Motion so that he could pursue the matter. The state court, however, allegedly failed to respond appropriately to appellant's requests. We also reject appellees' contention that the pending-state-petition tolling period does not apply because appellant did not file a petition for a writ of mandamus under Article 78. In our view, it is not a petitioner's burden to cause state courts to act expeditiously to avoid a time bar claim raised by the state itself. *See O'Sullivan*, 119 S.Ct. at 1732 ("[S]tate prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process....").

Thus, we hold that the time for appealing the New York Supreme Court's denial of the 1995 Motion has not yet expired. *See Mills*, 187 F.3d at 884 (holding that state post-conviction motion was "pending" until expiration of ninety-day period appellant had to file a transcript to perfect state-court appeal); *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999) (holding that "under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court ... is tolled from the limitations period"); *Nino*, 183 F.3d at 1004 (holding that "the time tolled for exhaustion of state remedies pursuant to 28

U.S.C. § 2244(d) includes the interval between the disposition of ... [a] post-conviction petition and the filing of an appeal ... at the next state appellate level"); *Guenther,* 173 F.3d at 1331 (holding that state-court proceeding was "pending" from time appeal was filed until Alabama's Supreme Court denied discretionary review); *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir.1999) (holding that term "pending" must be construed "to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application").

Accordingly, appellant's federal habeas petition is not untimely because, if his representations are true, the one-year grace period he has to file his petition under *Ross* has not yet commenced.[2]

c) *"Properly Filed" Under 28 U.S.C. § 2244(d)(2)*

■ Appellee also argue that appellant's 1995 Motion was not "properly filed" because "he did not bring the on-the-record claims raised in that motion in a court that was empowered to review them on the merits." Appellee contends that claims in the 1995 Motion were "subject to a manda-

tory procedural bar under state law" because one of the claims had already been decided on direct review and the other claim "had a sufficient record basis for direct review."[3] Again, we disagree.

"Neither AEDPA nor its legislative history explains which state filings qualify as properly filed applications." *Villegas v. Johnson,* 184 F.3d 467, 470 (5th Cir.1999) (citing relevant legislative history). Circuit and district courts are split concerning the construction of the phrase. "The majority of courts that have considered this issue have concluded that ' "a properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing.' " *Villegas,* 184 F.3d at 469–70 (quoting *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998) and collecting cases). A minority of courts, however, have construed "properly filed" more broadly, and have held that federal petitioners whose pending state court applications are barred under state successive post-conviction provisions are not "properly filed." *See Dictado v. Ducharme,* 189 F.3d 889, 891–92 (9th Cir.1999) (holding that "properly filed" means an "application submitted in compliance with the proce-

---

**2.** We need not determine whether any of the claims asserted in the petition are viable. Appellant's ineffective assistance of counsel claim may be untimely despite AEDPA's tolling provision. Indeed, that claim was rejected by the state court in 1991, and appellant did not file a petition for relief as to that claim by April 24, 1997. Nevertheless, the 1995 Motion was pending as of April 24, 1997 and it is possible that, in accordance with *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), appellant was attempting to exhaust administrative state remedies on all his claims prior to filing a federal petition for relief. Whether the 1995 Motion tolled the statute of limitations for the ineffective assistance of counsel claim is, therefore, to be determined by the district court on remand.

**3.** To support the argument, appellee cites CPL §§ 440.10(2)(a) & (c) providing that:
Notwithstanding the provisions of subdivision one [permitting a motion to vacate at

any time after entry of judgment], the court must deny a motion to vacate a judgment when:
(a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue; or ...
(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.....
CPL § 440.10(2).

dural *laws* of the state in which the application was filed" such that application rejected by the state's highest court because it was procedurally barred is not properly filed under AEDPA's tolling provision) (emphasis added); *Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir.1999) (holding that application for permission required to file successive petition under state law did not constitute properly filed application because "Congress could not have intended that the time for filing the federal action be tolled indefinitely by the simple expedient of filing repeated applications for leave to file state postconviction proceedings").

Appellee urges us to take the broader view of the term "properly filed" as discussed by the *Dictado* court and some district courts in this circuit. *See Hill v. Keane*, 984 F.Supp. 157, 158–59 (E.D.N.Y. 1997) (holding that state petition for collateral relief was not properly filed because it relied solely on record facts and defendant is "procedurally barred from moving to vacate a judgment of conviction under [CPL] § 440.10(1) when he could have raised his claims on direct appeal"); *Valentine v. Senkowski*, 966 F.Supp. 239, 241 (S.D.N.Y.1997) (assuming that post-conviction application, "although always timely, must also be non-frivolous in order to be 'properly filed'"); *but see, e.g., Hughes v. Irvin*, 967 F.Supp. 775, 778–79 (E.D.N.Y. 1997) (rejecting proposition "that a seemingly frivolous collateral attack [under CPL § 440] is not 'properly filed' for purposes of tolling the one-year statute of limitations"). We decline to do so.

Determining whether a pending-state-court motion is procedurally barred under a state law such as CPL §§ 440.10(2) is beyond the appropriate role of a federal court in addressing whether a state post-conviction application was "properly filed." It would involve federal courts in making determinations as to the proper outcome of pending state proceedings based on state law when a state court is positioned to make the very same decision. Moreover, these issues are often not clear-cut. For example, determining whether a state court motion is procedurally barred because a defendant did not raise the issue on direct appeal would require that we ascertain whether "sufficient facts appear on the record of the proceedings" as well as determine whether a defendant's failure to bring the claim constitutes "unjustifiable failure." CPL § 440.10(2)(c).

Like the Fifth and Third Circuits, "we are reluctant to engraft a merit requirement into § 2244(d)(2) without some indication of congressional intent to do so." *Villegas*, 184 F.3d at 470. Section 2244(d)(2) requires only that a state application be "properly filed." Had Congress "intended to condition tolling on a state court finding of merit, it could have drafted § 2244(d)(2) to exclude frivolous petitions ... [and to] clearly with[o]ld tolling from prisoners filing ... procedurally barred claims." *Villegas*, 184 F.3d at 470. As the *Villegas* court observed, "Congress enacted AEDPA against a backdrop of federal habeas law dealing with procedurally barred claims." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Indeed, Congress addressed the problems associated with successive federal habeas petitions by severely restricting a prisoner's ability to file more than one federal habeas petition. *See* 28 U.S.C. §§ 2244(a) & (b).

Nor are we persuaded, as appellees maintain, that construing "properly filed" narrowly will "invit[e] a 'paper flow' by state prisoners trying to extend the time in which they can file a habeas corpus petition indefinitely." As the *Villegas* court observed, and we agree:

[I]n nearly every case, the tolling will last only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitations period. Thus, a prisoner will not be able to revive an expired limitation period by simply filing a state petition in conformity with basic procedural requirements.

Furthermore, the potential for delay may decline as states place stricter restrictions on the filings that are the basis of tolling.

*Villegas,* 184 F.3d at 472–73 (citation omitted). We would add only that prisoners serving jail time usually have little incentive to delay determinations of their habeas petitions.

We therefore construe "properly filed" to mean simply that an application for state post-conviction relief recognized as such under governing state procedures has been filed. Appellant's 1995 Motion qualifies under that standard. Accordingly, appellant's federal habeas petition is not untimely because the 1995 Motion was "properly filed."

We therefore reverse and remand for further proceedings.