Steven MUSGROVE, Petitioner,

v.

Gary H. FILION, Superintendent, Coxsackie Correctional Facility, Respondent.

No. 02CV3886ADSWDW.

United States District Court, E.D. New York.

Nov. 20, 2002.

Steven Musgrove, Coxsackie, NY, Pro Se Petitioner.

Suffolk County District Attorney, by Assistant District Attorney Glenn Green, Riverhead, NY, for the Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The petitioner Steven Musgrove ("Musgrove" or the "petitioner") seeks a petition for a writ of habeas corpus with regard to his murder conviction in the County Court of Suffolk County, New York (the "County Court"). The respondent moves to dismiss the petition on the ground that it is untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2244 and 2254 (the "AEDPA").

## I. BACKGROUND

In 1998, a jury found the petitioner guilty of two counts of murder in the second degree. The County Court then entered judgment against the petitioner and sentenced him to concurrent terms of twenty-five years to life incarceration. On May 24, 1999, the New York Appellate Division, Second Department (the "Appellate Division") affirmed the judgment of conviction. On November 30, 1999, the New York Court of Appeals denied leave to appeal. Thereafter, the petitioner did not seek a writ of certiorari in the United States Supreme Court.

On March 27, 2000, the petitioner filed a motion in the County Court to vacate his judgment pursuant to N.Y.Crim. Proc. Law § 440 on the ground of ineffective assistance of counsel. The County Court denied that motion and the petitioner moved for leave to appeal to the Appellate Division. On September 26, 2000, the Appellate Division denied leave to appeal. On December 21, 2000, the petitioner filed a petition for a writ of habeas corpus in the Eastern District of New York. The petition raised five grounds: (1) ineffective assistance of trial counsel; (2) improper removal of prospective jurors for cause; (3) failure to re-open the *Wade* hearing based upon an improper identification procedure; (4) failure to allow a full and fair hearing on the CPL 440 motion; and (5) unspecified violation of the Fourteenth Amendment.

On November 2, 2001, the petitioner filed a petition for a writ of coram nobis to vacate the Appellate Division's decision of May 24, 1999 affirming his judgment of conviction on the ground of ineffective assistance of appellate counsel. On December 17, 2001, the petitioner filed an affidavit with this Court requesting that it stay his petition or in the alternative dismiss it without prejudice until the Appellate Division rules on his petition for a writ of coram nobis. On December 20, 2001, the Court granted the request to withdraw the petition without prejudice and with leave to re-file. On March 11, 2002, the Appellate Division denied the petition for a writ of coram nobis. On July 3, 2002, the petitioner filed the instant petition for a writ of habeas corpus. The instant petition raises the same grounds as in the first petition except it adds the claim of ineffective assistance of appellate counsel. The respondent now moves to dismiss the instant petition on the ground that it is untimely.

## II. DISCUSSION

### A. The AEDPA

■ The one year statute of limitations under the AEDPA applies to all state convictions that became final after the statute's April 24, 1996 effective date. 28 U.S.C. § 2244(d)(1). *See also Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA's one-year statute of limitations begins to run once a conviction becomes "final". 28 U.S.C. § 2244(d)(1)(A). A conviction is "final" upon completion of a defendant's direct appeal in the respective state's highest court and the United States Supreme Court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir.2001). A petition for a writ of certiorari in the United States Supreme Court must be filed within ninety days after the state criminal judgment becomes final. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998). On February 28, 2000, the petitioner's conviction became "final" for purposes of the AEDPA because this was the final day for the petitioner to seek a writ of certiorari in the United States Supreme Court. From that date, the petitioner had one year to file his petition for a writ of habeas corpus.

However, certain periods of time are tolled under the AEDPA. For example, the one year statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). "[A] state court-petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999).

■ In this case, the petitioner had two post-conviction motions that he filed after his conviction became "final" under the

AEDPA: (1) a motion to vacate his conviction pursuant to CPL 440 (filed on March 27, 2000 with no further appellate review available on September 26, 2000); and (2) a petition for a writ of coram nobis (filed on November 2, 2001 with no further appellate review available on March 11, 2002). These periods of time are not included under the statute of limitations. On the other hand, the following periods of time are included:

(1) February 28, 2000 to March 26, 2000—27 days;

(2) September 27, 2000 to November 1, 2001—401 days;

(3) March 12, 2002 to July 2, 2002—113 days.

This constitutes a total of 541 days. The petition is untimely unless a period of time within the 541 days is excluded under the AEDPA. The previously filed habeas petition did not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 180–181, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (holding that the pendency of a federal habeas petition does not toll the statute of limitations). There are no other motions that the petitioner filed that could toll the statute of limitations. As such, his petition is time-barred.

### B. Equitable Tolling

The final issue is whether the doctrine of equitable tolling excuses the petitioner's failure to comply with the time limitations. The doctrine of equitable tolling is proper only in the "rare and exceptional circumstance." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks and citation omitted). To invoke the doctrine, a petitioner must show that: (1) "extraordinary circumstances prevented him from filing his petition on time"; and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *Id.* at 17 (citation omitted). The Court

turns to the dismissal of the habeas petition to determine whether it warrants invoking the doctrine of equitable tolling.

### 1. Extraordinary Circumstances

Recently, the Second Circuit instructed district courts how to handle a "mixed" petition containing exhausted and unexhausted claims in connection with the AEDPA's one year statute of limitations: "[a district court should] dismiss[ ] only the unexhausted claims. As to the exhausted claims, we think a district court should exercise discretion either to stay further proceedings on the remaining portion of the petition or to dismiss the petition in its entirety." *Zarvela v. Artuz*, 254 F.3d 374, 380–382 (2d Cir.2001). In addition, "a stay ... will be the only appropriate course in cases ... where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'" *Id.* at 380 (internal quotation marks and citations omitted).

 It is undisputed that the dismissed habeas petition contained exhausted and unexhausted claims. Also, at the time that the Court dismissed that petition, 428 days were charged under the statute of limitations because the period of time during the pendency of the habeas petition was not tolled. *See Duncan*, 533 U.S. at 180–181, 121 S.Ct. 2120, 150 L.Ed.2d 251 (pending federal habeas petition does not toll statute of limitations). As such, the Court's dismissal—although styled without prejudice—was in fact with prejudice rendering any petition thereafter untimely. Under the reasoning in *Zarvela*, the Court should have stayed the petition and allowed the petitioner to exhaust his state remedies. Because it did not do that, extraordinary circumstances prevented the petitioner from filing a timely petition. Accordingly, the Court will treat his dismissed habeas petition as if it had been stayed provided he acted with reasonable

diligence between the dismissal and his return to federal court.

### 2. Reasonable Diligence

 As noted, the petitioner must show that he acted with reasonable diligence during the period he wishes to toll. *Smith*, 208 F.3d at 17. *Zarvela* instructs that "[p]rompt action by the petitioner to initiate exhaustion and return to federal court after its completion serves as the functional equivalent of ... 'reasonable diligence'...." 254 F.3d at 382. *Zarvela* also instructs that prompt action requires normally presenting the unexhausted claims to the state court within 30 days and then returning to federal court within 30 days after those claims are exhausted. *See id.* at 381.

 For the reasons stated below, the Court finds that the petitioner has failed to show that he acted with reasonable diligence during the period of time between the dismissal of his habeas petition and his return to federal court. First, the petitioner did not return to federal court until 114 days after his claim was exhausted in state court; this period of time is well beyond the 30 day time constraint in *Zarvela*. Also, the petitioner offers no reason for waiting such a lengthy period of time. Further, the only plausible reason for the delay was the petitioner's lack of diligence because the instant petition contains virtually the same claims asserted in the dismissed petition. Finally, a finding that the petitioner did not act with reasonable diligence is consistent with other district court decisions within this circuit which require compliance with the time constraints in *Zarvela*. *See Edwards v. Greiner*, No. 00–1331, 2002 WL 1467708, at * 3 (E.D.N.Y. May 7, 2002) (failing to present unexhausted claims for 81 days shows lack of reasonable diligence); *Felton v. Mazzuca*, No. 98–4567, 2002 WL

655207, at * 4 (S.D.N.Y. Apr.18, 2002) (noting the petitioner's failure to act within the time constraints in *Zarvela*); *Jimenez v. Walker,* 166 F.Supp.2d 765, 772 (E.D.N.Y. 2001) (demonstrating reasonable diligence where periods of filing where not greater than two weeks).

Accordingly, the Court finds that the doctrine of equitable tolling—invoked only in the "rare and exceptional circumstance"—does not excuse the petitioner's failure to comply with the statute of limitations.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the petition for a writ of habeas corpus on the ground that it is time-barred is granted; and it is further

**ORDERED,** that pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2) a certificate of appealability is denied as the petitioner has not made a substantial showing of a denial of a constitutional right in that the issues involved in this case are not debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions involved deserve encouragement to proceed further, *see Lucidore v. N.Y. State Div. of Parole,* 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED**