M.P. (99–A–3145), Petitioner,

v.

Kenneth S. PERLMAN, Superinten-
dent, Mohawk Correctional Fa-
cility, Respondent.

Nos. 02–CV–5553 (JBW), 03–
MISC–0066 (JBW).

United States District Court,
E.D. New York.

June 10, 2003.

Michael Herman Blakey, James A. Catterson, Jr., Dist. Atty. of Suffolk County, Riverhead, NY, for defendant.

## JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

Petitioner's motion for bail pending resolution of his habeas petition is denied as moot. For the reasons described below, the petition for a writ of habeas corpus is dismissed as time-barred. No hearing in this matter is necessary.

### I. Law

Congress has set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired.

See *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir.2003); *see also* Sup.Ct. R. 13.

In calculating the one-year limitation period, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted...." 28 U.S.C. § 2244(d)(2). The term "pending" in the statute has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application. *See Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that the term "pending" includes the intervals between a lower court decision and a filing in a higher court for motions for collateral review). A motion for extension of time to file an appeal does not toll AEDPA's limitations period unless an extension is actually granted. *See Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir.2002).

The period of limitations set forth in AEDPA ordinarily does not violate the Suspension Clause. *See Muniz v. United States*, 236 F.3d 122, 128 (2d Cir.2001) ("[T]he Suspension Clause does not always require that a first federal petition be decided on the merits and not barred procedurally" (quotation omitted)); *Rodriguez v. Artuz*, 990 F.Supp. 275, 283 (S.D.N.Y.1998) (AEDPA statute of limitations is not, "at least in general," an unconstitutional suspension of the writ).

The AEDPA limitations period is not jurisdictional and may be tolled equitably. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). "Equitable tolling ... is only appropriate in 'rare and exceptional circumstances.' To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir.2001).

A certificate of appealability may be granted with respect to any one of petitioner's claims only if petitioner can make a substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

II. Application

Petitioner was convicted on May 6, 1998. His conviction was affirmed by the Appellate Division on April 12, 1999. He did not seek leave to appeal the Appellate Division's decision from the New York Court of Appeals. His conviction therefore became final on May 12, 1999, which was 30 days after his conviction was affirmed by the Appellate Division. *See* N.Y.Crim. Pro. Law § 460.10(6) (appeal to the court of appeals from an order of an intermediate appellate court must be taken within 30 days); Sup.Ct. R. 13 (petition for a writ of certiorari lies only from judgment of "state court of last resort"). Absent statutory or equitable tolling, petitioner's habeas petition was due one year later, on May 12, 2000.

On December 27, 2000, which was 229 days after his habeas application was due,

petitioner filed a motion in state court to vacate his judgment of conviction. The motion was denied by the trial court on May 7, 2001. A motion to reargue was granted, but relief was denied on July 5, 2001. Leave to appeal to the Appellate Division was denied on November 27, 2001.

Petitioner filed his federal petition for a writ of habeas corpus on September 12, 2002, which was 289 days after leave to appeal the denial of his motion to vacate judgment was denied. Tolling, by statute, the period during which his state collateral proceedings were pending, petitioner's habeas application was 518 days late.

Petitioner makes several arguments in support of claim that this court should equitably toll the limitations period and deem his petition timely. First, he argues that his failure to seek leave to appeal the affirmance of his conviction to the New York Court of Appeals was due to appellate counsel's failure to obey his directive to file a leave request. Equitable tolling is unwarranted on such grounds, since counsel's alleged ineffectiveness did not interfere with petitioner's timely filing of a habeas application within the one-year period following the finality of his conviction.

Second, petitioner states that the limitations period should be equitably tolled because the complexity of the case was time-consuming for the lawyer who represented him in his state collateral proceedings. Retained counsel's failure to expeditiously file a state court collateral motion is decidedly not grounds for equitably tolling the AEDPA limitations period. Unlike petitioner, most state prisoners are unable to afford any kind of representation in state collateral proceedings, and New York State prisoners have no federal or state constitutional or statutory right to counsel in such proceedings. Petitioner's complaint that he had "no control" over the time it took counsel to complete his "thorough" state motion to vacate judgment is irrelevant to petitioner's failure to timely file a federal habeas petition.

Third, petitioner claims that there were delays in receiving affidavits and affirmations that he intended to use during his state collateral proceedings to prove his claim of ineffective assistance of trial counsel. Again, such delays did nothing to prevent petitioner from filing a timely habeas application.

Petitioner does not make a colorable claim that he is actually innocent of the crimes of conviction, such that the AEDPA time bar should be waived. He also has alleged no facts suggesting that application of the AEDPA time bar under the circumstances of this case would result in a violation of the Suspension Clause.

III. Conclusion

The petition for a writ of habeas corpus be dismissed as time-barred.

No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.