Frank JONES (98–A–5346), Petitioner,

v.

**DEPARTMENT OF CORRECTIONS, et al., Respondents.**

Nos. 02–CV–1347 (JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

July 16, 2003.

Howard Barry Goodman, Kings County District Attorney, Brooklyn, NY, for Respondent.

## AMENDED JUDGMENT, ORDER & MEMORANDUM

WEINSTEIN, Senior District Judge.

The court held a hearing. Petitioner was present by telephone.

For the reasons described below, the petition for a writ of habeas corpus is dismissed as time-barred.

Congress has set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The right to appeal a conviction under New York law expires 30 days from the date of judgment of conviction.

■ In calculating the one-year limitation period, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). In addition, the term "pending" in the statute has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application. *See Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further

appellate review is unavailable under the particular state's procedures." *Bennett,* 199 F.3d at 120.

Petitioner's date of conviction was August 17, 1998. He filed no appeal, so his conviction became final on September 16, 1998.

 On February 16, 1999, he filed with the Appellate Division an application to extend the time to file an appeal. That motion was denied on April 6, 1999. The period of limitations was tolled while this properly filed state motion was pending, but the limitations period was not tolled for the 184 days that elapsed between September 16, 1998 and the filing of the application on February 16, 1999. *See Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y.1998) ("If the one-year period of limitations did not begin to run until . . . an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief.").

 The period of limitations continued to run for 27 days between the April 6, 1999 denial of his application to extend the time to file an appeal and petitioner's motion in the trial court on May 3, 1999 to set aside his verdict. The motion was denied on September 13, 1999. Leave to appeal was denied by the Appellate Division on March 14, 2000. The period of limitations was tolled during the pendency of these proceedings.

 Petitioner moved to vacate his judgment of conviction in the trial court on March 13, 2000. The motion was denied on May 1, 2000. Leave to appeal to the Appellate Division was denied on August 3, 2000. The period of limitations was tolled during the pendency of these proceedings.

 Petitioner subsequently sought leave in the Appellate Division to appeal to the New York Court of Appeals on October 12, 2000. Orders denying a motion to vacate judgment are not appealable to the Court of Appeals. *See* N.Y.Crim. Pro. L. § 450.90(1).

Thus, the motion for leave to appeal was not a "properly filed" state motion. No response to this improperly filed motion was forthcoming from the Appellate Division. The motion has no tolling effect.

 The period of limitations continued to run for 174 days-from the August 3, 2000 date of the denial of leave to appeal the motion to vacate judgment until January 24, 2001, when petitioner moved again in the trial court to vacate his judgment of conviction. The motion was denied on March 29, 2001, and leave to appeal was denied by the Appellate Division on September 6, 2001. The period of limitations was tolled during the pendency of this motion.

The instant petition for a writ of habeas corpus is dated February 18, 2002, which is 165 days after leave to appeal petitioner's most recent motion to vacate judgment was denied.

Excluding tolled time, 550 days have elapsed since petitioner's judgment of conviction became final. His petition for a writ of habeas corpus is thus clearly time-barred absent a demonstration that more time should be tolled equitably.

Petitioner was ordered to show cause why his petition should not be dismissed as time-barred, and was informed that he might make an argument for equitable tolling. See Order of March 8, 2000, explaining the problems posed by the federal one year statute of limitations. Petitioner has not responded. Petitioner has not provided the court with any evidence that he is actually innocent of the crime for which he was convicted-a circumstance that might excuse his failure to timely file his petition. Since he pled guilty and is claiming that his attorney coerced his plea it appears unlikely that there could be any merit to such a claim.

It is ordered that the petition for a writ of habeas corpus be dismissed as time-barred.

This court investigated the merits of the claims as if they were timely. They are all frivolous. The matter is more fully stated

orally on the record, which is made a part of this memorandum order and judgment.

No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.