Edward LEAKE, Petitioner,

v.

Daniel SENKOWSKI, Respondent.

No. 01 Civ. 7559(SHS).

United States District Court, S.D. New York.

July 31, 2003.

As Amended Aug. 6, 2003.

Edward Leake, Dannemora, NY, Pro se.

### OPINION AND ORDER

STEIN, District Judge.

Petitioner Edward Leake, a New York State prisoner, was convicted, following a jury trial in New York Supreme Court, Westchester County, of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree (two counts), and sentenced to a term of imprisonment of thirty-seven years to life. Petitioner, filing *pro se,* now seeks relief pursuant to 28 U.S.C. § 2254 claiming that his U.S. Constitutional rights were violated, including his Sixth Amendment right to receive effective assistance of counsel. Chief Judge Michael B. Mukasey of the Southern District of New York subsequently ordered petitioner to show cause by affirmation why the statute of limitations did not bar this petition, which he has done. Under the circumstances of this case, it is appropriate for this Court to equitably toll the statute of limitations period to allow this petition to proceed.

### I. Background

On February 26, 1993, petitioner was convicted in New York Supreme Court, Westchester County. The Appellate Division, Second Department, affirmed his conviction, *see People v. Leake,* 234 A.D.2d 392, 651 N.Y.S.2d 332 (2d Dep't 1996), and on March 27, 1998, the New York Court of Appeals denied leave to appeal the conviction. *See People v. Leake,* 91 N.Y.2d 942, 671 N.Y.S.2d 722, 694 N.E.2d 891 (1998).

Although petitioner did not seek a writ of certiorari from the United States Supreme Court, on April 19, 1999, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Two weeks later, he sought permission to withdraw his petition in order to continue pursuing his state court remedies. On July 12, 1999, while his initial habeas petition was still pending, petitioner filed a post-conviction motion for a writ of error coram nobis in New York state court pursuant to New York Criminal Procedure Law § 440.10 to vacate his conviction. As per petitioner's request, U.S. District Court Judge Thomas P. Griesa dismissed the initial petition without prejudice on July 29, 1999 pursuant to

Rule 41(a) of the Federal Rules of Civil Procedure. *Leake v. Artuz,* 99 Civ. 6031(TPG), slip op. (S.D.N.Y. July 29, 1999).

Leake's motion pursuant to CPL § 440.10 was denied by the Supreme Court, Westchester County, and on February 7, 2001, the Appellate Division, Second Department, denied leave to appeal from that determination. *See People v. Leake,* No. 91–02116, slip op. (2d Dep't February 7, 2001). Seven weeks later, on March 30, 2001, petitioner filed the instant petition in this Court.

## II. Discussion

### A. Computation of the Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." 28 U.S.C. § 2244(d)(1); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). In New York, "the statute of limitations begins to run ninety days after the [New York] Court of Appeals denies leave to appeal the affirmance of a conviction, since this concludes the period in which a petitioner may seek to appeal his conviction through a writ of certiorari to the United States Supreme Court." *See Figueroa v. Fischer,* No. 99 Civ. 2392, 2003 WL 1701997, *4 (S.D.N.Y. March 31, 2003) (citing *Williams v. Artuz,* 237 F.3d 147, 150 (2d Cir.2001)). "Proper calculation of Section 2254(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (per curiam).

■ Petitioner's conviction became final for the purposes of AEDPA on June 25, 1998, ninety days after the New York Court of Appeals denied leave to appeal the affirmance of his conviction. Petitioner filed his initial habeas corpus petition pursuant to section 2254 on April 19, 1999, nearly 10 months after the one-year statute of limitations began to run. In dismissing this petition on July 29, 1999, Judge Greisa noted that the dismissal was "without prejudice to petitioner bringing a new petition for a writ of habeas corpus once his pending application for a writ of error coram nobis has been decided." *Leake v. Artuz,* 99 Civ. 6031(TPG), slip op. at 1 (S.D.N.Y. July 29, 1999). Petitioner's state court post-conviction proceeding pursuant to CPL § 440.10 tolled the statute of limitations for nearly 19 months, until February 7, 2001. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Bennett v. Artuz,* 199 F.3d 116, 118–19 (2d Cir.1999), aff'd, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

As noted above, petitioner subsequently filed this section 2254 petition on March 30, 2001, more than two years after his conviction became final on June 25, 1998. However, if this Court were to toll the three month period during which the initial habeas corpus petition was pending—April 19, 1999 to July 29, 1999—then this petition would be timely. *See Walker v. Artuz,* 208 F.3d 357, 360–61 (2d Cir.2000). Petitioner waited nearly 10 months after the one year statute of limitations started running to file his initial petition but filed this petition only seven weeks after the New York Appellate Division denied leave to appeal his CPL § 440.10 post-conviction motion; therefore, he filed one week be-

fore the one year statute of limitations expired.

■ However, on June 18, 2001—more than two months *after* Leake filed this petition—the U.S. Supreme Court held that federal habeas corpus review was not an "application for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2), and thus the one-year statute of limitations period was not tolled during the three month pendency of the initial habeas corpus petition. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001). In other words, the time between April 19, 1999 and July 29, 1999 cannot be tolled, and therefore this petition was not timely filed, absent equitable tolling.

### B. Equitable Tolling Is Appropriate Here

■ The statute of limitations may be tolled as an equitable matter in "rare and exceptional circumstance[s]" when (1) "extraordinary circumstances prevented [petitioner] from filing his petition on time"; and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (quotation omitted). Following the guidance of *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.2001), petitioner satisfies both aspects of this test. In *Zarvela*—decided shortly after *Duncan v. Walker*—the U.S. Court of Appeals for the Second Circuit held that where "outright dismissal 'could jeopardize the timeliness of a collateral attack'" and the petitioner promptly returned to federal court after exhausting his state claims, the district court may toll the statute of limitations. *See Zarvela*, 254 F.3d at 380–81.

■ Both those conditions are met here. Dismissal of this petition would bar Leake's claims from being adjudicated since the statute of limitations has expired. In addition, petitioner promptly returned to federal court after exhausting his state claims—he filed this petition expeditiously—only seven weeks after the New York Appellate Division denied leave to appeal his CPL § 440.10 motion and he filed that motion prior to his initial habeas petition being dismissed without prejudice by this Court. Although petitioner waited nearly 10 months to file his initial habeas corpus petition, his overall diligence "must be viewed in light of the fact that he was still within the one-year limitations period, had the time during which his initial petition was pending in this Court not been counted." *Figueroa*, 2003 WL 1701997 at *6 (tolling statute of limitations where a petitioner filed his initial habeas corpus petition before the statute of limitations began to run, filed his CPL § 440.10 motion less than three weeks after the court dismissed his initial habeas petition without prejudice and filed his second habeas petition seven months after he exhausted his state court remedies) (collecting cases).

Moreover, at the time Leake filed the instant petition, the petition would have been considered timely filed pursuant to the Second Circuit's opinion in *Walker v. Artuz*, since the Supreme Court had not yet decided *Duncan v. Walker*. Accordingly, given the "rare and exceptional circumstance[s]," presented here, *Smith*, 208 F.3d at 17, it is equitable to toll the statute of limitations for the three month period that his initial habeas petition was pending to allow this petition to proceed.

### III. Conclusion

For the reasons set forth above, this Court equitably tolls the statute of limitations and accepts this petition as timely. The Clerk of Court shall serve a copy of this Order and the underlying petition by first class mail upon the Attorney General of the State of New York and the District Attorney of the County of Westchester, and shall also mail a copy of this Order to

petitioner. Respondent shall answer or move with respect to the petition within thirty (30) days of entry of this Order. Petitioner may file papers in reply within thirty (30) days thereafter if he so chooses.

SO ORDERED.