Rafael **CORTORREAL** (94–
A–6575), Petitioner,

v.

Christopher **ARTUZ, Superintendent
of Green Haven Correctional
Facility, Respondents.**

Nos. 99–CV–8536 (JBW), 00–
MISC–0066 (JBW).

United States District Court,
E.D. New York.

Aug. 13, 2003.

John Frederick Carman, Stephen Scaring, P.C., Garden City, NY, for Petitioner.

## MEMORANDUM, JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

Petitioner was afforded a hearing in this court. He was present by telephone. His appointed counsel was present in person.

For the reasons stated orally on the record, the application for a writ of habeas corpus is dismissed as time-barred.

This memorandum briefly discusses the timeliness issue and whether equitable tolling is warranted in light of the decision of the Court of Appeals for the Second Circuit in *Baldayaque v. United States*, 338 F.3d 145 (2d Cir.2003).

### I. Law

■ Congress has set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir.2003); *see also* Sup.Ct. R. 13. Prisoners whose convictions became final before the effective date of AEDPA, April 24, 1996, had a grace period of one year, until April 24, 1997, to file their habeas application. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998).

In calculating the one-year limitation period, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2).

■ The "filing of creative, unrecognized motions for leave to appeal" does not toll the statute of limitations. *Adeline v. Stinson*, 206 F.3d 249, 253 (2d Cir.2000); *see also Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) ("[A]n application is *'properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.... The question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." (emphasis in original; footnote omitted)).

■ In addition, the term "pending" in the statute has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state

court remedies with regard to a particular post-conviction application. *See Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett,* 199 F.3d at 120; *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that the term "pending" includes the intervals between a lower court decision and a filing in a higher court for motions for collateral review). A motion for extension of time to file an appeal does not toll AEDPA's limitations period unless an extension is actually granted. *See Bethea v. Girdich,* 293 F.3d 577, 579 (2d Cir.2002).

■ The period of limitations set forth in AEDPA ordinarily does not violate the Suspension Clause. *See Muniz v. United States,* 236 F.3d 122, 128 (2d Cir.2001) ("[T]he Suspension Clause does not always require that a first federal petition be decided on the merits and not barred procedurally" (quotation omitted)); *Rodriguez v. Artuz,* 990 F.Supp. 275, 283 (S.D.N.Y.1998) (AEDPA statute of limitations is not, "at least in general," an unconstitutional suspension of the writ).

■ The AEDPA statute of limitations is not jurisdictional and may be tolled equitably. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). "Equitable tolling . . . is only appropriate in 'rare and exceptional circumstances.' To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001).

■ A certificate of appealability may be granted with respect to any one of petitioner's claims only if petitioner can make a substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit. *See Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

II. Application

■ Petitioner was convicted of second degree murder on August 5, 1994. His conviction was affirmed by the Appellate Division on May 29, 1996, and leave to appeal to the New York Court of Appeals was denied on June 24, 1996. Because he did not appeal to the Supreme Court of the United States, his conviction became final 90 days later, on September 22, 1996.

On March 5, 1997, which was 164 days after the conviction became final, petitioner filed a "Motion to Amend Remittitur" before the Appellate Division, seeking reargument of issues he raised on appeal in order, apparently, to couch his arguments in a federal constitutional context that might be cognizable on habeas review. Respondent states that the motion was untimely under section 670.6 of Title 22 of the New York Codes, Rules and Regulations, which states that such motions "shall be made within 30 days after" service is made of the contested decision. However, "for good cause shown, the court may con-

sider any such motion at a later date." N.Y.Code, R. & Regs. § 670.6(a). Because the Appellate Division, in denying this motion on April 11, 1997, did not indicate whether it did so on procedural grounds, this court will assume that the petition was deemed properly filed. The AEDPA limitations period was thus tolled during the pendency of that proceeding.

Petitioner sought leave to appeal the denial of his reargument motion from the New York Court of Appeals; that application was dismissed on May 20, 1997, which was 39 days after the Appellate Division's denial of the motion for reargument. The AEDPA limitations period was not tolled during this time, because the denial of a reargument motion is not appealable and the leave to appeal letter was not a properly filed state court proceeding. *See Rodriguez v. New York*, No. 01 CIV 1374, 2003 WL 289598, at *13 (S.D.N.Y. Feb. 11, 2003).

Petitioner filed his first habeas petition 29 days after the leave to appeal to the New York Court of Appeals was denied. That petition was timely because, when statutory tolling is taken into account, it was filed 232 days after his conviction became final.

On June 30, 1999, petitioner moved to have his petition dismissed in order to allow him to exhaust state remedies. The motion was granted, as the district court judge then assigned to this case explained, "so that petitioner may pursue his claims at the state level, or take whatever other measures he deems appropriate." On December 28, 1999, petitioner through counsel reinstated his petition.

During the 181 days between the voluntary dismissal of the petition and his motion to reinstate the petition, petitioner never filed any motions in state court. Although the time during which his petition was actually pending in federal court will be tolled equitably, petitioner is not entitled to equitable tolling for the period of time during which his federal habeas proceeding was closed and he did nothing to diligently press his legal claims. Had petitioner initiated the state court collateral proceedings promptly in accordance with his stated intention in his motion to dismiss his initial petition the limitations period of AEDPA would have been tolled. If he acted diligently his petition would be timely.

Prisoners cannot circumvent the strict AEDPA limitations period by invoking the "relation back" doctrine arguing that a new petition should be treated as having been filed on the same day as a first petition. As the Court of Appeals for the Second Circuit has explained,

> If [the limitations period] were interpreted as Petitioner argues, the result would be impractical. A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies before returning to federal court to "continue" his federal remedy, without running afoul of the statute of limitations.

*Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.2000) (quoting *Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir.1999)).

Absent time tolled equitably and by statute, petitioner's habeas petition was filed 413 days after his conviction became final. It is therefore untimely by 48 days.

Petitioner has advanced no arguments that merit equitable tolling. In light of a recent decision of the Court of Appeals for the Second Circuit, however, this court *sua sponte* held a *Baldayaque* hearing in order to determine whether tolling was necessary due to a professional or ethical dereliction by appointed or retained counsel.

Although state prisoners are not entitled to counsel as of right in either New York state collateral or federal habeas corpus proceedings, the Court of Appeals has now held that "an attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period of AEDPA." *Baldayaque*, 338 F.3d at 152–53; *compare Smaldone*, 273 F.3d at 138–39 (attorney calculation error does not justify equitable tolling).

*Baldayaque* is a troubling decision for federal courts that must hear habeas applications. We can now expect in case after case that a petitioner will claim he has exercised reasonable diligence by hiring an attorney who did nothing, and that he has demonstrated extraordinary circumstances justifying equitable tolling as a result of his attorney's inaction. The decision also raises the possibility that counsel assigned to help a petitioner pursue federal habeas corpus relief may, by failing to provide a petitioner some guidance in how to proceed in state court during the pendency of a stay in the federal proceedings, be cause for a petitioner's failure to timely refile his habeas application.

■ In the instant case, petitioner was assigned counsel by the district court in order to assist him in his habeas application. His duties were limited to the provision of assistance in federal proceedings, and no allowance was made for petitioner's representation in state collateral proceedings. Petitioner's family, as was adduced at the *Baldayaque* hearing through testimony primarily of petitioner's mother, sought a lawyer to represent petitioner in state proceedings. The family unsuccessfully approached two attorneys, one of whom offered to help petitioner if he was paid a fee, up front, of $20,000. The family could not afford that fee and no counsel

of the state collateral proceedings was ever retained.

This court finds as a matter of fact and law that no counsel undertook, either explicitly or implicitly, responsibility for proceeding on petitioner's behalf in state court following the dismissal of petitioner's first habeas application by this district court. Counsel previously assigned in this habeas matter did no more than recommend the names of possible counsel that might accept the state case.

*Baldayaque* does not apply. Since, in this court's opinion, *Baldayaque*, were it to expand, would constitute a significant erosion of the principles underlying the AEDPA limitations period, certification for appeal will be granted on the question of whether tolling for all or part of the 181–day period between the voluntary dismissal of the habeas application and petitioner's motion to reinstate the application is warranted on equitable grounds. This court cannot predict at this time how the new doctrine from the Court of Appeals may flourish. Unless it is promptly checked it will result in many more tolling claims by petitioners, requiring more evidentiary hearings.

Petitioner was not prevented from filing his petition by any State action in violation of the Constitution. He asserts no constitutional right newly recognized by the Supreme Court. None of his claims rely on facts that could not have been discovered in a timely manner through the exercise of due diligence. *See* 28 U.S.C. § 2254(d)(1)(B)-(D).

Petitioner does not make a colorable claim that he is actually innocent of the crime and that the time bar should therefore be waived.

Petitioner's substantive claims are meritless on their face. Several, for instance, allege problems with the indictment and

grand jury procedures that are of no moment, in a constitutional sense, because petitioner was convicted by a petit jury. Fuller discussion of petitioner's substantive claims may be found in the minutes of this court's August 12, 2003 hearing.

III.   Conclusion

The petition for a writ of habeas corpus is dismissed as time-barred.

A certificate of appealability is granted on the question of whether tolling for all or part of the 181–day period between the voluntary dismissal of the habeas application and petitioner's motion to reinstate the application is warranted on equitable grounds in light of *Baldayaque v. United States*. The court recognizes that, in view of the lack of merit of any substantive claims it would normally not grant a certificate of appealability on the timeliness issue. *See Catlett v. Greiner*, —— F.3d ——, 2003 WL 21523233, at *2 (2d Cir.2003) (amended July 2, 2003) (unpublished). Since, however, this issue is likely to surface repeatedly, it is not moot.

No certificate of appealability is granted with respect to any of petitioner's remaining claims, petitioner having made no substantial showing of the denial of a constitutional right.

SO ORDERED.